UNITED STATES DISTRICT COURT

For the Eastern District of New York

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 2 5 2009 ★
BROOKLYN OFFICE

| | | |
|---|---|---|
| Georgette Midouin, an individual, | ) | Case No.: |
| Plaintiff, | ) | **MATSUMOTO, J.** |
| Vs. | ) | **COMPLAINT FOR RESCISSION, MONEY DAMAGES, AND JURY TRIAL DEMAND** |
| Downey Savings and Loan Association, F.A., U.S. Bank John & Jane Does 1 – 10 | ) | **00 4140** |
| | ) | **J. ORENSTEIN** |

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

## I. Preliminary Statement

1.  Plaintiff Georgette Midouin, bring this action against Downey Savings & Loan Association, F.A., U.S. Bank,  and John and Jane DOES 1 – 10 (collectively hereinafter "Defendants") as an affirmative action rescission claim and in the nature of a defense in recoupment and set-off to:

    (a) Enforce Rescission;

    (b) Reimburse all fees, charges, and costs paid in a consumer credit transaction pursuant to violations of the federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and its implementing regulations at 12 C.F.R. § 226 *et seq.* ("Reg. Z"); and

    (c) Obtain a reasonable attorney fee.

2.  Plaintiff also seeks declaratory and injunctive relief to further restrain Defendants under New York Business Law, common law fraud, misrepresentation and deceit, against Defendants herein.  All such New York state law claims are

1

properly asserted under this Court's pendent or supplemental jurisdiction.

3.    The Defendants are proper parties to be sued for claims arising out of a transaction when Defendants are attempting to *enforce contractual obligations* and Plaintiff is in an affirmative or defensive position asserting a rescission claim under TILA; Reg. Z, asserting a basis to rescind under Reg. Z § 226.23(h)(2), *Special rules for foreclosures*, when a foreclosure is underway, and other statutory relief under New York statutes.

4.    A rescission action may also be brought against an assignee, regardless of whether the assignee is a "creditor" or whether the violation was apparent on the face of the disclosure statement under 15 U.S.C. § 1641(c).

## II. Parties

5.    Plaintiff Georgette Midouin is an elderly, 65 year old *consumer* and a *natural person* as that term is defined under 15 U.S.C. § 1602(h).  Plaintiff has substantive rights as a citizen domiciled here in New York, the owner of the *principal dwelling* known as 233-21 Linden Blvd., Cambria Heights, New York 11411, (hereinafter the "Property") and at all times relevant and material hereto, resides on the Property as her home.

6.    Defendant Downey Savings & Loan Association, F.A.  is a *creditor* as that term is defined under 15 U.S.C. § 1602(f) and Reg. Z § 226.2(a)(17) and at all times relevant hereto is regularly engaged in the business of extending consumer credit for which a finance charge is or may be imposed and is payable in more than four installments by written agreement.  This Defendant is an affiliate of U.S. Bank, maintains a principal office at the same location in Newport Beach, California, and has no duly authorized agent listed by the New York Secretary of State.  Downey Savings & Loan Association, F.A. may be served with service of process by serving the Officer in Charge at Downey Savings and Loan Association, F.A., 3501

Jamboree Road, Newport Beach, California 92660 and by serving the New York Secretary of State, at Office of Department of State, One Commerce Plaza, 99 Washington Ave., Albany, New York 12231, and by certified mail, USPS, to the Officer in Charge at its affiliate U.S. Bank, 3501 Jamboree Road, Newport Beach, California 92658.

7.    Defendant U.S. Bank is a wholly owned subsidiary of the parent holding company U.S. Bancorp, a Delaware Corporation.  U.S. Bank has an ownership interest in the subject transaction by virtue of its representations to the Plaintiff. This Defendant may be served with service of process by serving the Officer in Charge at U.S. Bancorp, Richard K. Davis, C.E.O., 800 Nicollet Mall, Minneapolis, Minnesota 55402 and their statutory agent c/o CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

8.    Defendants John and Jane DOES 1-10 are involved in the instant case and transaction and are currently unknown to Plaintiffs.  Said entities will be joined upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

### III. Jurisdiction/Venue

9.    This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1640(e) for TILA claims, pursuant to 12 U.S.C. § 2614 for RESPA claims, and pursuant to 28 U.S.C. § 1367 for supplemental jurisdiction of Plaintiffs' state law claims.  All state law claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.  The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.  Counts arising under contract, common law, and the law of conveyances in real property are properly asserted under this Court's pendent jurisdiction.

3

10.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 generally whereby the real property and a substantial part of the events and claims, the subject of this suit, are situated here, communications notifying Plaintiff of foreclosing the security instrument conveyed and enforced by Defendants are in this district, and Defendants' maintain minimum contacts in the forum state of New York.

### IV. Conditions Precedent

11.     All conditions precedent have been performed or have occurred and TILA; Reg. Z violations may be asserted affirmatively and defensively due to the foreclosure initiated by Defendants as a recoupment or set-off under 15 U.S.C. § 1640(e): "This subsection [providing for the one year statute of limitations] does not bar a person from asserting a violation of this subchapter in an action to collect a debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action," and under 15 U.S.C. § 1638 *et seq.*

12.     The mere loss of a statutory right to disclosure is an injury that gives the consumer standing for Article III purposes.

13.     Plaintiff has standing as of the date of the consumer credit contract where the contract is a federally related mortgage transaction governed by TILA; Reg. Z, and due to the initiation of foreclosure process by the interested parties.

### V. Statement of Facts

14.     In November of 2006, Plaintiff sought an application to refinance and cash out the value of her home and existing mortgage loan.

15.     Plaintiff submitted applicable personal information to a mortgage broker, First Rate Capital Corp, because they claimed numerous business relationships with potential mortgage lenders.

16.     First Rate Capital Corp. specifically promised Plaintiff verbally that they could

4

acquire a mortgage loan with the best possible interest rate based upon Plaintiff's fixed income.

17.   First Rate Capital Corp. also specifically assured Plaintiff that she definitely qualified for mortgage loan approval, did not request any income verification, and assured Plaintiff not to worry about the monthly payment schedule.

18.   Based upon these representations, First Rate Capital Corp. provided a proposed Good Faith Estimate of settlement charges and an Estimated TILA Disclosure Statement on or about November 24, 2006, copy attached hereto and incorporated herein by reference as Exhibit A.

19.   First Rate Capital Corp. represented to Plaintiff the total estimated settlement charges of $5,989.88 as itemized on the Good Faith Estimate, (see Exhibit 1).

20.   The Good Faith Estimate, (Exhibit A) specifically underestimates the Title Insurance premium, the Recording Fees, the Settlement and Closing Fee, and fails to provide an estimated Mortgage Tax imposed on all mortgage loan transactions in New York.

21.   These representational inducements provided by First Rate Capital Corp. persuaded Plaintiff to accept a proposed mortgage loan with Downey Savings and Loan Association.

22.   Subsequent thereto, First Rate Capital Corp. scheduled a settlement and closing date to occur at the lender's closing agent office, specifically the office of Rubel, Rosenblum and Bianco LLP.

23.   The federally related mortgage transaction at the root of this case was closed with the lender's settlement agent, whereby documents were signed on December 11, 2006 (the "Closing").

24.   Plaintiff unwittingly signed the documents as instructed, entered into a mortgage loan transaction (the "Transaction"), and was provided copies of the

following additional documents at the Closing identified by reference and incorporated fully herein as Exhibit B:

    (a) another Good Faith Estimate

    (b) a TILA Disclosure Statement

    (c) four (4) copies of Notice of Right to Cancel

    (d) two (2) copies of a HUD – 1 Settlement Statement

    (e) an unsigned copy of the Uniform Residential Loan Application

    (f) a copy of the Lender's Instructions, Itemization of Charges

    (g) a copy of a Statement of Mortgage Closing

25.     The following specific documents were not provided to Plaintiff at the Closing:

    (a) a Variable Rate Promissory Note

    (b) a Mortgage security instrument

    (c) an Adjustable Rate Rider

    (d) an Equal Credit Opportunity Act Disclosure

    (e) a Fair Housing Act Disclosure

    (f) a Privacy Disclosure

    (g) a Patriot Act Disclosure

    (h) Consumer Credit Score Disclosure

26.     Plaintiff was induced into this Transaction without the proper opportunity to evaluate the costs and implications thereof, and in a form and manner required by applicable statute and regulation.

27.     For example, the second Good Faith Estimate and the HUD – 1 Settlement Statement provide at the Closing now itemizes multiple additional and inflated settlement service charges undisclosed at application. (comparing Exhibit 1 with Exhibit B).

28.     In addition, the actual cost of Recording Fees and filing fees for this

retirement savings, loss of income, nausea, emesis, constant headaches, insomnia, embarrassment, and incurred an ascertainable loss.

## VI. Claims for Relief

### Count 1 – Rescission Claim under TILA; Reg. Z

55.   Plaintiff incorporates each paragraph set forth above as if fully stated herein.

56.   As a result of Defendants failure to provide accurate *material* disclosures correctly as described above, Plaintiff is entitled and has exercised her right of rescission of the Transaction.

57.   Rescission of the Transaction extinguishes any liability Plaintiff has to Defendants for finance or other charges arising from the Transaction.

58.   Defendants have a fiduciary duty and obligation to perform upon a valid notice of rescission by canceling this specific Transaction as well as any enforcement thereof.  Accordingly, any alleged security instrument and notice of default and election to sell is void and unenforceable under 15 U.S.C. § 1635(b).

59.   Defendants had twenty-days (20) to refund or credit the alleged account all monies paid and to void the security interest, or seek judicial guidance.

60.   Defendants performance is a condition precedent to Plaintiff's duty to tender and failure to lawfully respond gives rise to statutory and actual damages under 15 U.S.C. § 1640.

61.   Any further acts to enforce an invalid security instrument and impose finance charges and fees are wrongful, improper, and a serious breach of fiduciary duty associated with Defendants' obligations.  Such acts violate TILA, are contrary to the Real Estate Settlement Procedures Act, and are contrary to the explicit statutory requirements and contract between the parties.

62.   Said acts entitle Plaintiff to statutory and actual relief, orders enforcing rescission, and a reasonable attorney fee.

Transaction is:  Mortgage $187.00; Deed $52.00 + Filing Fee $75.00, and Satisfaction of Mortgage $42.00, copy attached hereto and incorporated herein by reference as Exhibit 3.

29.   Accordingly, these amounts listed on the HUD – 1 Settlement Statement, Line 1201 are not bona fide and reasonable.

30.   Further, the Universal Residential Loan Application falsely lists monthly income amounts, (Exhibit C).

31.   Defendants ratified this Transaction base upon the asset of Plaintiff's home, without any income or employment verification, with an unsigned loan application, and without assessment of Plaintiff's ability to pay this obligation.

32.   Upon information and belief, Downey Savings and Loan Association, F.A. is not duly authorized to write mortgage loans in the State of New York and are not listed by the State of New York Banking Department website search engine.

33.   The Transaction required Plaintiff to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

34.   The Transaction and all closing documents were described to Plaintiff as Consumer Credit Transaction and are within the scope of 15 U.S.C. § 1602(h) and Reg. Z § 226.2(a)

35.   Plaintiff alleges the Transaction is a Closed-end Credit Transaction within the scope of Reg. Z § 226.2(10) where a security interest was retained securing such note covering the Property, then and now the *principal dwelling* and home of the Plaintiff.

36.   Plaintiff contends the Transaction is subject to all content disclosure requirements set forth in 15 U.S.C. § 1635(a), and 15 U.S.C. § 1638; Reg. Z §§ 226.17 – 226.23.

37. Upon information and belief, interest rate changes were initiated and Plaintiff's monthly scheduled payments began to rise.

38. Plaintiff was so astonished by the new payment schedule that she began to review the loan documents and noticed the inflated monthly income on the Universal Residential Loan Application.

39. Plaintiff soon thereafter, contacted the mortgage broker and confronted him about the inflated monthly income statement, the new payment schedule, and demanded an amendment to the information, and some type of work-out agreement.

40. The mortgage broker specifically refused to change any information and declined to facilitate any work-out agreement with the lender.

41. Plaintiff continued making the new monthly payment schedule using her leftover proceeds provided at the Closing until such time as she was unable to sustain these monthly payments.

42. Thereafter, Plaintiff began to accumulate an arrearage with the lender.

43. As a result thereof, Plaintiff then sought the undersigned legal counsel who promptly sent a valid Rescission Notice and qualified written request ("QWR") as that term is defined under 12 U.S.C. § 2605(e)(1)(B), on March 20, 2009, copy attached hereto and incorporated herein by reference as Exhibit D.

44. The valid Rescission Notice and QWR specifically identified inflated settlement service charges that affect the accuracy of the TILA Disclosure Statement, Finance Charge calculation.

45. The inaccuracy of the TILA Disclosure Statement, Finance Charges varies by more than $100.00 and is understated.

46. The QWR also requests additional Servicer related disclosures material to the Transaction as well as documentation and a reasonable explanation of various

settlement service charges deducted from the proceeds at Closing.

47.     The first response to Plaintiff's valid Rescission Notice was sent to Plaintiff's legal counsel by U.S. Bank on behalf of Downey Savings and Loan Association, copy attached hereto and incorporated herein by reference as Exhibit E.

48.     Plaintiff also received another response that sufficiently describes additional stages of debt acceleration and foreclosure process progression, copy attached hereto and incorporated herein by reference as Exhibit F.

49.     The responses by these Defendants intentionally fail to honor a valid rescission, fail to seek judicial guidance as to the rights and obligations of the parties, fail to cease collection after receipt of a QWR, fail to provide any documents or a reasonable explanation why the information sought was unavailable, no later than 60 days after receipt of the QWR.  Accordingly, their response are contrary to applicable federal statutes.

50.     Plaintiff alleges that pursuant to Reg. Z § 226.23(h)(2), *Special rules for foreclosures, Tolerance for Disclosures*, when a foreclosure is underway, the tolerance for Rescission is $35.00 for an understated "Finance Charge" disclosure.

51. The failure to accurately and effectively disclose the Truth in Lending Disclosure Statement is a failure to accurately provide a *material* disclosure as that term is defined under 15 U.S.C. § 1602(u); Reg. Z § 226.23(a)(3) n48.

52.     A controversy has arisen due to the Defendants' failure to provide accurate *material* disclosures and failure to rescind so that Plaintiff may tender any balance and extinguish the Transaction by operation of law.

53.     The foregoing acts and *material* omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of the Plaintiff's disclosure and substantive rights.

54.     As a result of the acts specifically alleged above, Plaintiff has suffered loss of

9

## Count 2 – TILA Claims & Recoupment Against Defendants

63.   Plaintiffs incorporate each paragraph set forth above as if fully stated herein

64.   The original payee of the note and beneficiary of all other documents at a purported closing with Defendants acted in contravention of TILA 15 U.S.C. § 1601 *et seq.* and Reg. Z in the following particulars, each and all of which may also be asserted affirmatively and defensively by Plaintiff as a result.

65.   The documents provided to Plaintiff in conjunction with this consumer credit Transaction violated the requirements of TILA; Reg. Z in the following other respects including under Reg. Z § 226.23(h)(2), *Special rules for foreclosures,*

   (a) By failing to provide accurate required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b); Reg. Z § 226.17(b),

   (b) By failing to make required disclosures 'clearly and conspicuously' in writing in violation of 15 U.S.C. § 1632(a); Reg. Z § 226.17(a)(1),

   (c) By failing to include in the Finance Charge certain charges imposed by Defendants payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Reg. Z § 226.4, thus improperly disclosing the Finance Charge in violation of 15 U.S.C. § 1638(a)(3) and Reg. Z § 226.18(d),

   (d) By failing to accurately and effectively disclose an accurate TILA Disclosure Statement in violation of 15 U.S.C. § 1602(u); Reg. Z § 226.23(a)(3)

66.   Said acts entitles Plaintiff to statutory and actual relief, and a reasonable attorney fee

## Count 3 – RESPA Claims Against Defendants

67.   Plaintiff re-alleges and incorporate the Statement of Facts, and all Counts set forth above as if fully stated herein

68.   The RESPA claims of Plaintiff are so closely related to the Transaction and

11

Defendants' failure to provide mandatory material disclosures throughout the course of this Transaction that they form the same basis and subject of claims set forth herein.

69.     Plaintiff sent a QWR as that term is defined under RESPA, 12 U.S.C. § 2605(e)(1)(B), regarding the crediting of all past payments and rescinding Transaction.

70.     In the QWR, Plaintiff specified her reasons for belief that the account was now in error, not in default, and requested that Defendants correct the error and rescind.  Plaintiff also requested that Defendants provide sufficient information and reasonable documents supporting material disclosure Servicer related activity.

71.     Defendants violated RESPA, 12 U.S.C. § 2605(e)(2)(A), by failing to make any appropriate corrections to the Plaintiff's account in response to the QWR and valid Rescission Notice, including the crediting of any Finance Charges, and failing to transmit written notice of such corrections to Plaintiff.

72.     Defendants violated RESPA, 12 U.S.C. § 2605(e)(2) by refusing to cease its collection efforts of the rescinded Transaction after receiving the Plaintiffs QWR.

73.     Upon information and belief, Defendants violated RESPA, 12 U.S.C. § 2605(e)(3), by providing information to consumer reporting agencies regarding overdue payments allegedly owed by Plaintiff that were related to (and the subject matter of) the QWR.

74.     Defendants has willfully engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

75.     Plaintiff is entitled to recoup the actual and statutory civil penalty provided by RESPA against any claim to enforce contractual obligations which may be allowed in favor of Defendants

76.    Accordingly, Plaintiffs pray this Court provide a reasonable attorney fee, and reduce the amount owed by Plaintiff by the amount of statutory and actual damages available under RESPA.

## Count 4 – New York Gen. Bus. Law Claims Against Defendants

77.    Plaintiff re-alleges and incorporates the Statement of Facts, and all Counts set forth above generally and specifically as if fully stated herein

78.    Plaintiffs bring Count 4 pursuant to Article 22 of the New York Gen. Bus. Law §§ 349 *et seq.*

79.    Plaintiff is an elderly 65 year old natural person and consumer within the scope of New York Gen. Bus. Law §§ 349 *et seq.*, and § 349-c

80.    This Court has supplemental jurisdiction to adjudicate this cause in that it arises out of the same credit transaction as all Counts and is so related to that claim that it forms part of the same case or controversy.

81.    The Transaction and Defendants mortgage loan business affect trade and commerce in New York and are within the scope of New York Gen. Bus. Law §§ 349 *et seq.*

82.    The above specified false income certification, *material* disclosure violations, violations of federal statutes under TILA; Reg. Z, substantive rescission rights, and RESPA violations generally, and specifically induce confusion and cause misunderstanding as to source, sponsorship, and certification of goods and services within the scope of New York Gen. Bus. Law §§ 349 *et seq.*

83.    The forgoing act, omissions and violations are egregious, persistent, intentional, grossly unfair, and are unconscionable trade practices within the scope of New York Gen. Bus. Law §§ 349 *et seq.*

84.    The business acts and practices of Defendants, as hereinabove alleged, constitute "unfair" business practices in that said acts and practices offend *public*

*policy* and are substantially injurious to the Plaintiff and all consumers. Said acts and practices have no utility that outweighs their substantial harm to the Plaintiff, consumers, and potential recipients of Defendants improper representations

85.    As a result of Defendants conduct, Plaintiff has suffered an ascertainable loss of money, including the increased Transaction costs, misapplied Finance Charges, cost enforcing Plaintiff's substantive rescission rights, loss of retirement savings, depleted cost of living expenses, and loss of equity in her home.

86.    The fact that Defendants ratified the Transaction with false and unverified income statements, failed to provide accurate *material* disclosures which do not rise to the level of 'clear and conspicuous' disclosure, failed to comply with applicable federal and state law is intentional deception for the purpose of financial gain.

87.    Defendants have been provided sufficient notice of the foregoing claims and the notice is within the scope of New York Gen. Bus. Law §§ 349 *et seq.*

88.    In the course of this Transaction, each Defendant made one or more misrepresentations and/or failed to make accurate representations and/or failed to provide material information about the Transaction as set forth more fully above

89.    Specifically Defendants processed and ratified the Transaction, substantially amended *material* disclosures under TILA, failed to apply rescission under TILA, failed to properly comply with RESPA provisions, failed to comply with the contract between the parties, failed to comply with substantive law of conveyance, and failed to comply with statutory good faith and fair dealing.

90.    Said misrepresentations and failure to make accurate representations were made knowingly or with reason to know that Plaintiff would rely thereon.

91.    Said misrepresentations and failure to make accurate representations were material to the Transaction from origination to present.

92.    Said misrepresentations and failure to make accurate representations were made

14

with intent and the Plaintiff relied thereon by sending a QWR, Rescission Notice, seeking legal counsel, and filing this claim.

93.   Plaintiff did reasonably and detrimentally relied as specified in these factual allegations.

94.   Plaintiff was thereby damaged and has a substantial ascertainable loss.

95.   The business acts and practices of Defendants, as hereinabove alleged, constitute "fraudulent" business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, falsifying documents and concealment, may preclude consumers from exercising legal rights to which they are entitled.

96.   The unlawful, unfair and fraudulent business acts and practices of Defendants described herein present a continuing threat to members of the general public and the Plaintiff in that Defendants are currently engaging in such acts and practices, and will persist and continue to do so until an injunction is issued by this Court.

97.   Pursuant to New York Gen. Bus. Law, Plaintiff seeks an order enjoining Defendants from engaging in the acts and practices as hereinabove alleged, and ordering that Defendants credit the Transaction and provide appropriate restitution to the Plaintiff.

98.   Accordingly, Plaintiff prays this Court provide for Plaintiff a reasonable attorney fee, and reduce the amount owed by Plaintiff by the amount of statutory, actual damages available under New York Gen. Bus. Law §§ 349 *et seq.*

## VII – Jury Trial Demand

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

## VIII – Prayer for Relief

15

WHEREFORE as a result said violations of TILA; Reg. Z, pursuant to 15 U.S.C. §§ 1635, 1640, 1641(c), and the New York Gen. Bus. Law §§ 349 *et seq.*, Plaintiff prays for judgment against Defendants as follows:

1.     Rescission of this transaction,

2.     Termination of any security interest in Plaintiff's Property created under the Transaction,

3.     Order Defendants to return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction,

4.     Statutory damages under federal law for disclosure violations

5.     Statutory damages under federal law for Defendants failure to lawfully respond to Plaintiff's valid Rescission Notice,

6.     Statutory damages as provided RESPA,

7.     Statutory damages as provide by state law,

8.     Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining a proceeding on the Plaintiffs Property, from recording any deeds or mortgages regarding the Property except, a lawful release of lien, and from otherwise taking any steps to deprive Plaintiff's ownership of the Property,

9.     Order that, if Defendants fail to further respond lawfully to Plaintiff's valid rescission Notice, Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of Plaintiff's claims, and order Defendants to accept tender on reasonable terms and over a reasonable period of time,

10.     Reasonable attorney fee and costs of suit,

11.     Actual damages in an amount to be determined at trial,

16

12.     For such other and further relief as the Court may deem just and proper.


Date:  This the 21ST Day of September, 2009


By _____

The Law Offices of Roberta Chambers
Roberta Chambers, Esq.
**Attorney(s) for Plaintiff**
110-21 Francis Lewis Blvd.
Queens Village, New York 11429
Phone # 718-776-1200
Email:  rchambers@robertachamberslaw.com

## Verification

Georgette Midouin by my attorney in fact being duly sworn deposes and says that I am fully familiar with the facts and circumstances of this case, that I have read the complaint herein and the foregoing statements herein are true to the best of my knowledge and belief . Further that the foregoing statements made by me upon information and belief that I also believe them to be true to the best of my knowledge, information and belief.


Dated: September 21, 2009

_____
Georgette Midouin by her attorney in fact


Sworn before me this

22nd day of September 2009


_____
Notary Public

SENDI KATALINIC
NOTARY PUBLIC-STATE OF NEW YORK
No. 02KA6111206
Qualified in Queens County
My Commission Expires June 07, 2012

18

**DOWNEY SAVINGS**
and Loan Association, F.A.

## GOOD FAITH ESTIMATE OF SETTLEMENT CHARGES

Date: November 24, 2006
Loan Number: 9042444190    Borrower(s): GEORGETTE MIDOUIN
Loan Amount: 325,000.00
Loan Program: A100
Loan Purpose: Refinance
Loan Type: Conventional
Property Address: 23321 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY 11411

The information below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates - the actual charges may be more or less. Your transaction may not involve a fee for every item listed.

The HUD-1 or HUD-1A Settlement Statement will show you the actual cost for items paid at settlement.

| Description of Charges | Amount Charged | Amount Paid Outside Closing | Net Due |
|---|---|---|---|
| Credit Report | 12.00 | 0.00 | 12.00 |
| Wire Transfer | 50.00 | 0.00 | 50.00 |
| Underwriting | 325.00 | 0.00 | 325.00 |
| Document | 200.00 | 0.00 | 200.00 |
| Flood Determination | 8.00 | 0.00 | 8.00 |
| Flood Monitoring | 4.00 | 0.00 | 4.00 |
| Tax Service | 56.00 | 0.00 | 56.00 |
| Appraisal Review*** | 170.00 | 0.00 | 170.00 |
| DSL Fed Ex/Messenger | 40.00 | 0.00 | 40.00 |
| Annual County Property Taxes * | 5,812.50 | 5,812.50 | 0.00 |
| Broker - Appraisal | 525.00 | 525.00 | 0.00 |
| Broker - Processing | 500.00 | 0.00 | 500.00 |
| Broker - Credit Report | 7.50 | 0.00 | 7.50 |
| Interest of 29 Days @ 71.52000 @ 8.032% | 2,074.08 | 0.00 | 2,074.08 |
| Hazard Insurance Premium ** | 1,083.23 | 1,083.23 | 0.00 |
| Hazard Insurance 3 Mos @ 90.28 Per Month | 270.84 | 0.00 | 270.84 |
| Aggregate Adjustment | -0.04 | 0.00 | -0.04 |
| Settlement or Closing Fee | 450.00 | 0.00 | 450.00 |
| Closing Agent Doc Fee | 45.00 | 0.00 | 45.00 |
| Notary Fee | 40.00 | 0.00 | 40.00 |
| Title Insurance | 1,137.50 | 0.00 | 1,137.50 |
| Recording Fees | 75.00 | 0.00 | 75.00 |

* Estimated Annual County Property Taxes based on information at application (refinance transactions) or calculated at 1.25% of sales price (purchase transactions).
** This estimated amount is reflective of a one-year prepaid hazard insurance premium. If this is a refinance loan transaction, we require that any existing hazard insurance policy have at least four (4) months remaining term.
***Average estimated cost, if applicable (typical cost ranges from $40 to $350).

- A Broker Rebate of $10,562.50 ( 3.250%) is being paid by Downey Savings and Loan Association, F.A., to a mortgage broker for this transaction - POC.

TOTAL ESTIMATED CHARGES  $           5,989.88
(Does not include any adjustments paid through Escrow between the parties to the transaction)

These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). Additional information can be found in the HUD Special Information booklet entitled, "Settlement Costs and You", which is to be provided to you by your mortgage broker or lender, if your application is to purchase residential real property and the lender will take a first lien on the property.

Use of a particular provider of service is required and the estimate is based on charges of the provider. Please see attached Addendum

**DOWNEY SAVINGS**
and Loan Association, F.A.

### GOOD FAITH ESTIMATE OF SETTLEMENT CHARGES

| | |
|---|---|
| Date: | December 11, 2006 |
| Loan Number: | 9042444190 |
| Loan Amount: | 325,000.00 |
| Loan Program: | A100 |
| Loan Purpose: | Refinance |
| Loan Type: | Conventional |
| Property Address: | 233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY  11411 |

Borrower(s):  GEORGETTE MIDOUIN

The information below reflects estimates of the charges which you are likely to incur at the settlement of your loan.  The fees listed are estimates - the actual charges may be more or less.  Your transaction may not involve a fee for every item listed.

The HUD-1 or HUD-1A Settlement Statement will show you the actual cost for items paid at settlement.

| Description of Charges | Amount Charged | Amount Paid Outside Closing | Net Due |
|---|---|---|---|
| | | 0.00 | 12.00 |
| Credit Report | 12.00 | 0.00 | 50.00 |
| Wire Transfer | 50.00 | 0.00 | 325.00 |
| Underwriting | 325.00 | 0.00 | 200.00 |
| Document | 200.00 | 0.00 | 8.00 |
| Flood Determination | 8.00 | 0.00 | 4.00 |
| Flood Monitoring | 4.00 | 0.00 | 56.00 |
| Tax Service | 56.00 | 0.00 | 65.00 |
| Appraisal Review | 65.00 | 893.75 | 6,405.00 |
| Mortgage Tax | 7,298.75 | 3,709.72 | 0.00 |
| Annual County Property Taxes * | 3,709.72 | 525.00 | 0.00 |
| Broker - Appraisal | 525.00 | 0.00 | 750.00 |
| Broker - Processing | 750.00 | 0.00 | 7.50 |
| Broker - Credit Report | 7.50 | | |
| Interest of 17 Days @   71.20000 @ 7.996% | 1,210.40 | 0.00 | 1,210.40 |
| Hazard Insurance Premium ** | 1,161.00 | 1,161.00 | 0.00 |
| Hazard Insurance  9 Mos @   96.75 Per Month | 870.75 | 0.00 | 870.75 |
| County Property Taxes  4 Mos @   309.14 Per Month | 1,236.56 | 0.00 | 1,236.56 |
| Aggregate Adjustment | -309.18 | 0.00 | -309.18 |
| Settlement or Closing Fee | 900.00 | 0.00 | 900.00 |
| Title Insurance | 3,870.00 | 0.00 | 3,870.00 |
| Recording Fees | 360.00 | 0.00 | 360.00 |

* Estimated Annual County Property Taxes based on information at application (refinance transactions) or calculated at 1.25% of sales price (purchase transactions).
** This estimated amount is reflective of a one-year prepaid hazard insurance premium.  If this is a refinance loan transaction, we require that any existing hazard insurance policy have at least four (4) months remaining term.

- A Broker Rebate of $10,562.50 (  3.250%) is being paid by Downey Savings and Loan Association, F.A., to a mortgage broker for this transaction - POC.

TOTAL ESTIMATED CHARGES  $        | 17,439.78 |

**(Does not include any adjustments paid through Escrow between the parties to the transaction)**

These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA).  Additional information can be found in the HUD Special Information booklet entitled, "Settlement Costs and You", which is to be provided to you by your mortgage broker or lender, if your application is to purchase residential real property and the lender will take a first lien on the property.

**DOWNEY SAVINGS**
and Loan Association, F.A.

# GOOD FAITH ESTIMATE OF SETTLEMENT CHARGES

| | | |
|---|---|---|
| Date: | December 11, 2006 | Borrower(s): GEORGETTE MIDOUIN |
| Loan Number: | 9042444190 | |
| Loan Amount: | 325,000.00 | |
| Loan Program: | A100 | |
| Loan Purpose: | Refinance | |
| Loan Type: | Conventional | |
| Property Address: | 233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY 11411 | |

The information below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates - the actual charges may be more or less. Your transaction may not involve a fee for every item listed.

The HUD-1 or HUD-1A Settlement Statement will show you the actual cost for items paid at settlement.

| Description of Charges | Amount Charged | Amount Paid Outside Closing | Net Due |
|---|---|---|---|
| Credit Report | 12.00 | 0.00 | 12.00 |
| Wire Transfer | 50.00 | 0.00 | 50.00 |
| Underwriting | 325.00 | 0.00 | 325.00 |
| Document | 200.00 | 0.00 | 200.00 |
| Flood Determination | 8.00 | 0.00 | 8.00 |
| Flood Monitoring | 4.00 | 0.00 | 4.00 |
| Tax Service | 56.00 | 0.00 | 56.00 |
| Appraisal Review | 65.00 | 0.00 | 65.00 |
| Mortgage Tax | 7,298.75 | 893.75 | 6,405.00 |
| Annual County Property Taxes * | 2,509.72 | 2,509.72 | 0.00 |
| Broker - Appraisal | 525.00 | 525.00 | 0.00 |
| Broker - Processing | 750.00 | 0.00 | 750.00 |
| Broker - Credit Report | 7.50 | 0.00 | 7.50 |
| Interest of 17 Days @ 71.20000 @ 7.996% | 1,210.40 | 0.00 | 1,210.40 |
| Hazard Insurance Premium ** | 1,161.00 | 1,161.00 | 0.00 |
| Hazard Insurance 9 Mos @ 96.75 Per Month | 870.75 | 0.00 | 870.75 |
| County Property Taxes 4 Mos @ 209.14 Per Month | 836.56 | 0.00 | 836.56 |
| Aggregate Adjustment | -209.18 | 0.00 | -209.18 |
| Settlement or Closing Fee | 900.00 | 0.00 | 900.00 |
| Title Insurance | 3,870.00 | 0.00 | 3,870.00 |
| Recording Fees | 360.00 | 0.00 | 360.00 |

\* Estimated Annual County Property Taxes based on information at application (refinance transactions) or calculated at 1.25% of sales price (purchase transactions).
\*\* This estimated amount is reflective of a one-year prepaid hazard insurance premium. If this is a refinance loan transaction, we require that any existing hazard insurance policy have at least four (4) months remaining term.

· A Broker Rebate of $10,562.50 ( 3.250%) is being paid by Downey Savings and Loan Association, F.A., to a mortgage broker for this transaction - POC.

**TOTAL ESTIMATED CHARGES $** | 17,139.78 |

**(Does not include any adjustments paid through Escrow between the parties to the transaction)**

These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). Additional information can be found in the HUD Special Information booklet entitled, "Settlement Costs and You", which is to be provided to you by your mortgage broker or lender, if your application is to purchase residential real property and the lender will take a first lien on the property.

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Lender: Downey Savings and Loan Association, F.A.
3501 Jamboree Road, Newport Beach, CA 92660

Application / Loan Number: 9042444190

Re: GEORGETTE MIDOUIN

Date: December 11, 2006

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCE | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 8.005 % | $627,119.76 | $321,704.60 | $948,824.36 |

PAYMENTS: Your payment schedule will be as follows -

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| | | Monthly Beginning: |
| 1 | $1,121.65 | 02/01/2007 |
| | | 03/01/2007 |
| 11 | $1,121.65 | 02/01/2008 |
| 12 | $1,205.77 | 02/01/2009 |
| 12 | $1,298.20 | 02/01/2010 |
| 12 | $1,393.42 | 01/01/2011 |
| 11 | $2,843.51 | 01/01/2037 |
| 312 | $2,838.18 | |
| 1 | | |

Index Type COFI    Current Index Rate 4.346

[X] Your loan contains a variable rate feature.  Disclosures about the variable rate feature have been provided to you earlier.

INSURANCE:  The following insurance is required to obtain credit.    [X] Property Insurance    [ ] Flood Insurance
You may obtain the insurance from anyone you want that is acceptable to the creditor.

SECURITY: You are giving a security interest in :
        233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY  11411

LATE CHARGE:  If a payment is more than 15    days late, you will be charged  6.000    % of the overdue payment.

PREPAYMENT:  If you pay off early, you
[X] may   [ ] will not have to pay a penalty.
[ ] may   [X] will not be entitled to a refund of part of the finance charge.

ASSUMPTION:  Someone buying your property
[ ] may   [X] may, subject to conditions   [ ] may not assume the remainder of your loan on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

[X]  (e) means an estimate

See attached Good Faith Estimate for settlement charges.
The undersigned acknowledge receiving and reading a completed copy of the disclosure.
Neither you nor the creditor previously has become obligated to make or accept this loan, nor is any such obligation made by the delivery or signing of this disclosure.

GEORGETTE MIDOUIN _____ (Date)          _____ (Date)

_____ (Date)          _____ (Date)

_____ (Date)          _____ (Date)

_____ (Date)          _____ (Date)

NOTE: Payments shown above do not include reserve deposits for taxes, assessments, and property or flood insurance.

REZ.UFF (05/10/04) CR12697 RG

**DOWNEY SAVINGS**
and Loan Association, F.A.

# NOTICE OF RIGHT TO CANCEL

| LENDER | **Downey Savings and Loan Association, F.A.** | Date: | December 11, 2006 |
|---|---|---|---|
| | 25972 MUIRLANDS SUITE #204 | Loan No: | 9042444190 |
| | MISSION VIEJO, CA 92691 | Loan Type: | Conventional |

**Property Address:   233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY 11411**

You are entering into a transaction that will result in a mortgage on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1) The date of the new transaction, which is **December 11, 2006** *
   or
(2) The date you received your new Truth in Lending disclosures;
   or
(3) The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage on your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may hold any money or property we have given you until we have done the things mentioned above, but you must then return the money or property that we gave you. Money must be returned in full to the address below. With respect to property only, if it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home - or at the location of the property. If we do not take possession of the property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**
If you decide to cancel this transaction, you must notify us in writing at:

**Downey Savings and Loan Association, F.A.  (Attention: Legal Department)**

**3501 Jamboree Road**

**Newport Beach, CA 92660**

   You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight on **December 14, 2006** **

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**  (Sign this only if you wish to cancel your loan.)

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| Signature | Date | Signature | Date |

---

I/We each acknowledge receipt of two completely filled in copies of this <u>NOTICE OF RIGHT TO CANCEL</u>, and one copy of the Federal Truth-in-Lending Act Disclosure Statement.

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective as to all borrowers.

* IF THIS DATE IS DIFFERENT FROM THE DATE YOU ARE SIGNING THIS NOTICE AND THE NOTE AND THE DEED OF TRUST OR MORTGAGE, PLEASE CROSS OUT THE INCORRECT DATE, AND INSERT THE DATE OF SIGNING. EACH BORROWER MUST INITIAL THE CHANGE.

** THIS DATE MUST BE **THREE BUSINESS DAYS** FROM THE DATE SHOWN IN (1), ABOVE. (SEE ATTACHED CALCULATION INSTRUCTIONS.) IF THE DATE IS INCORRECT, PLEASE CROSS IT OUT AND INSERT THE CORRECT DATE. EACH BORROWER MUST INITIAL THE CHANGE.

| GEORGETTE MIDOUIN | Date | _____ | Date |
|---|---|---|---|
| _____ | Date | _____ | Date |
| _____ | Date | _____ | Date |
| _____ | Date | _____ | Date |

Right of Rescission (General)                                          NORTCGEN.UFF (08/31/04) CR22538 VC

**DOWNEY SAVINGS**
and Loan Association, F.A.

# NOTICE OF RIGHT TO CANCEL

LENDER  **Downey Savings and Loan Association, F.A.**
      **25972 MUIRLANDS SUITE #204**
      **MISSION VIEJO, CA 92691**

Date: **December 11, 2006**
Loan No: **9042444190**
Loan Type: **Conventional**

Property Address:   **233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY  11411**

You are entering into a transaction that will result in a mortgage on your home.  You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)  The date of the new  transaction, which is **December 11, 2006** *
        or
(2)  The date you received your new Truth in Lending disclosures;
        or
(3)  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage is also cancelled.  Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage on your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may hold any money or property we have given you until we have done the things mentioned above, but you must then return the money or property that we gave you.  Money must be returned in full to the address below.  With respect to property only, if it is impractical or unfair for you to return the property, you must offer its reasonable value.  You may offer to return the property at your home - or at the location of the property.  If we do not take possession of the property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

**HOW TO CANCEL**
If you decide to cancel this transaction, you must notify us in writing at:

      **Downey Savings and Loan Association, F.A.  (Attention: Legal Department)**
      **3501 Jamboree Road**
      **Newport Beach, CA 92660**

      You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below.  Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight on **December 14, 2006** **

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above).  If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I  WISH TO CANCEL** (Sign this <u>only</u> if you wish to cancel your loan.)

_____   _____   _____   _____
Signature                      Date                Signature                    Date

I/We each acknowledge receipt of two completely filled in copies of this <u>NOTICE OF RIGHT TO CANCEL</u>, and one copy of the Federal Truth-in-Lending Act Disclosure Statement.

Each borrower in this transaction has the right to cancel.  The exercise of this right by one borrower shall be effective as to all borrowers.

\*  IF THIS DATE IS DIFFERENT FROM THE DATE YOU ARE SIGNING THIS NOTICE AND THE NOTE AND THE DEED OF TRUST OR MORTGAGE, PLEASE CROSS OUT THE INCORRECT DATE, AND INSERT THE DATE OF SIGNING.  EACH BORROWER MUST INITIAL THE CHANGE.

\*\*  THIS DATE MUST BE THREE BUSINESS DAYS FROM THE DATE SHOWN IN (1), ABOVE.  (SEE ATTACHED CALCULATION INSTRUCTIONS.)  IF THE DATE IS INCORRECT, PLEASE CROSS IT OUT AND INSERT THE CORRECT DATE.  EACH BORROWER MUST INITIAL THE CHANGE.

_____   _____   _____   _____
**GEORGETTE MIDOUIN**          Date                                        Date

_____   _____   _____   _____
                              Date                                        Date

_____   _____   _____   _____
                              Date                                        Date

_____   _____   _____   _____
                              Date                                        Date

**Right of Rescission (General)**

NORTGEN.UFF (08/31/04) CR22538 VC

**DOWNEY SAVINGS**
and Loan Association, F.A.

# NOTICE OF RIGHT TO CANCEL

LENDER  **Downey Savings and Loan Association, F.A.**
25972 MUIRLANDS SUITE #204
MISSION VIEJO, CA 92691

Date:  December 11, 2006
Loan No:  9042444190
Loan Type:  Conventional

Property Address:  **233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY  11411**
You are entering into a transaction that will result in a mortgage on your home.  You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)  The date of the new  transaction, which is December 11, 2006 *
or
(2)  The date you received your new Truth in Lending disclosures;
or
(3)  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage is also cancelled.  Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage on your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may hold any money or property we have given you until we have done the things mentioned above, but you must then return the money or property that we gave you.  Money must be returned in full to the address below.  With respect to property only, if it is impractical or unfair for you to return the property, you must offer its reasonable value.  You may offer to return the property at your home - or at the location of the property.  If we do not take possession of the property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

```
HOW TO CANCEL
If you decide to cancel this transaction, you must notify us in writing at:

        Downey Savings and Loan Association, F.A.  (Attention: Legal Department)
        3501 Jamboree Road
        Newport Beach, CA 92660
        You may use any written statement that is signed and dated by you and states your intention to cancel,
and/or you may use this notice by dating and signing below.  Keep one copy of this notice because it contains
important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight on  December 14, 2006 **

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above).  If you send or
deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.


I  WISH TO CANCEL  (Sign this only if you wish to cancel your loan.)


_____      _____      _____      _____
Signature                    Date         Signature                    Date
```

I/We each acknowledge receipt of two completely filled in copies of this NOTICE OF RIGHT TO CANCEL, and one copy of the Federal Truth-in-Lending Act Disclosure Statement.

Each borrower in this transaction has the right to cancel.  The exercise of this right by one borrower shall be effective as to all borrowers.

*  IF THIS DATE IS DIFFERENT FROM THE DATE YOU ARE SIGNING THIS NOTICE AND THE NOTE AND THE DEED OF TRUST OR MORTGAGE, PLEASE CROSS OUT THE INCORRECT DATE, AND INSERT THE DATE OF SIGNING.  EACH BORROWER MUST INITIAL THE CHANGE.

** THIS DATE MUST BE THREE BUSINESS DAYS FROM THE DATE SHOWN IN (1), ABOVE.  (SEE ATTACHED CALCULATION INSTRUCTIONS.)  IF THE DATE IS INCORRECT, PLEASE CROSS IT OUT AND INSERT THE CORRECT DATE.  EACH BORROWER MUST INITIAL THE CHANGE.

_____      _____              _____      _____
GEORGETTE MIDOUIN            Date                 IMMACULA PIERRE-LOUIS         Date
                                                  *NON-APPLICANT

_____      _____              _____      _____
                            Date                                               Date

_____      _____              _____      _____
                            Date                  CIDONIA MIDOUIN               Date
                                                  *NON-APPLICANT

_____      _____              _____      _____
                            Date                                               Date

Right of Rescission (General)                                    NORTCGEN.UFF (05/31/04) CR22538 VC

**DOWNEY SAVINGS**
and Loan Association, F.A.

# NOTICE OF RIGHT TO CANCEL

LENDER  **Downey Savings and Loan Association, F.A.**
**25972 MUIRLANDS SUITE #204**
**MISSION VIEJO, CA 92691**

Date: **December 11, 2006**
Loan No: **9042444190**
Loan Type:  **Conventional**

**Property Address:**   **233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY  11411**

You are entering into a transaction that will result in a mortgage on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)  The date of the new  transaction, which is December 11, 2006 *
> or

(2)  The date you received your new Truth in Lending disclosures;
> or

(3)  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage is also cancelled.  Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage on your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may hold any money or property we have given you until we have done the things mentioned above, but you must then return the money or property that we gave you. Money must be returned  in full to the address below.  With respect to property only, if it is impractical or unfair for you to return the property, you must offer its reasonable value.  You may offer to return the property at your home - or at the location of the property.  If we do not take possession of the property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**

If you decide to cancel this transaction, you must notify us in writing at:

> **Downey Savings and Loan Association, F.A.  (Attention: Legal Department)**
> **3501 Jamboree Road**
> **Newport Beach, CA 92660**

You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below.  Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight on **December 14, 2006 ***

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above).  If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I  WISH TO CANCEL**  (Sign this <u>only</u> if you wish to cancel your loan.)

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| Signature | Date | Signature | Date |

---

I/We each acknowledge receipt of two completely filled in copies of this <u>NOTICE OF RIGHT TO CANCEL</u>, and one copy of the Federal Truth-in-Lending Act Disclosure Statement.

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective as to all borrowers.

*  IF THIS DATE IS DIFFERENT FROM THE DATE YOU ARE SIGNING THIS NOTICE AND THE NOTE AND THE DEED OF TRUST OR MORTGAGE, PLEASE CROSS OUT THE INCORRECT DATE, AND INSERT THE DATE OF SIGNING.  EACH BORROWER MUST INITIAL THE CHANGE.

**  THIS DATE MUST BE **THREE BUSINESS DAYS** FROM THE DATE SHOWN IN (1), ABOVE.  (SEE ATTACHED CALCULATION INSTRUCTIONS.)  IF THE DATE IS INCORRECT, PLEASE CROSS IT OUT AND INSERT THE CORRECT DATE.  EACH BORROWER MUST INITIAL THE CHANGE.

| | | |
|---|---|---|
| **GEORGETTE MIDOUIN** | Date | _____  Date |
| _____ | Date | _____  Date |
| _____ | Date | _____  Date |
| _____ | Date | _____  Date |

**Right of Rescission (General)**

NORTGGEN.UFF (08/31/04) CR22538 VC

U.S. Department of Housing
and Urban Development

Settlement Statement
WinClose
(205) 823-3993

OMB No. 2502-0265

| TYPE OF LOAN | | | | File Number | Loan Number | FHA/VA Case Number |
|---|---|---|---|---|---|---|
| 1. ☐ FHA | 2. ☐ FmHA | 3. ☒ Conv. Unins | | 06093763 | | |
| 4. ☐ VA | 5. ☐ Conv. Ins. | | | | | |

NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "POC" were paid outside of closing; they are shown here for informational purposes and are not included in the totals.

NAME AND ADDRESS
OF BORROWER: Georgine H. Brown
233-21 Linden Blvd
Cambria Heights, NY 11411

NAME AND ADDRESS
OF SELLER:
(SELLER TIN

NAME AND ADDRESS
OF LENDER: Downey Savings + Loan

PROPERTY LOCATION: 233-21 Linden Blvd
Cambria Heights, NY 11411
Tax ID:

SETTLEMENT AGENT: Russel Rosenthal, Lieb + Bianco
100 Merrick Rd Ste 306E
Rockville Centre NY 11570

PLACE OF SETTLEMENT:
100 Merrick Rd
Rockville Centre, NY 11570

SETTLEMENT DATE:                    (TIN-

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | $0.00 |
| 103. Settlement charges to borrower (line 1400) | 12998.23 | 403. * (Gross Proceeds | |
| 104. Mortgage | 262359.72 | 404. | |
| 105. | | 405. | |
| ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | | ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE | |
| 106. City/town taxes to | | 406. City/town taxes to | |
| 107. County taxes to | | 407. County taxes to | |
| 108. Assessments | | 408. Assessments to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 280592.95 | 420. GROSS AMOUNT DUE TO SELLER | |
| 200. AMOUNTS PAID ON OR ON BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| 201. Deposit or earnest money | 325,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1st mortgage loan | |
| 205. | | 505. Payoff 2nd mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | | ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County taxes to | | 511. County taxes to | |
| 212. Assessments to | | 512. Assessments to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 325000.00 | 520. TOTAL REDUCTIONS IN AMOUNT DUE SELLER: | |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER: | | 600. CASH AT SETTLEMENT TO/FROM SELLER: | |
| 301. Gross amount due from borrower (line 120) | 280592.95 | 601. Gross amount due to seller (line 420) | |
| 302. Less amount paid by/for borrower (line 220) | 325000.00 | 602. Less reductions in amount due seller (line 520) | |
| 303. CASH ( ☐ FROM )( ☒ TO ) BORROWER: | 44407.05 | 603. CASH ( ☐ TO )( ☒ FROM ) SELLER: | |

The information requested does not lend itself to confidentiality.

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following: • HUD must develop a Special Information Booklet to help persons borrowing money to finance the purchase of residential real estate to better understand the nature and costs of real estate settlement services; Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate; • Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement. These disclosures are mandatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.

The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.

SUBSTITUTE FORM 1099 STATEMENT: The information contained in Blocks E, G, H, and I on line 401 (or if line 401 is asterisked, lines 403 and 404) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

SELLER INSTRUCTIONS: If this real estate was your principal residence, file form 2119, Sale of Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040). You are required by law to provide [see box E] your correct taxpayer identification number. If you do not provide [see box E] your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law, and under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

Seller's Signature

HUD-1 (3-86) - RESPA, HB 4305.2   Page 1

# SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSIONS:** Based on price: @ = | | | |
| Division of Commission (Line 700) as follows: | | | |
| 701. to: | | | |
| 702. to: | | | |
| 703. Commission paid at settlement | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN:** | | | |
| 801. Loan origination fee | | 165.00 | |
| 802. Appraisal fee *Review to Rebecca Whitford* | | | |
| 803. Appraisal fee *to Shenandah 3.5% @ 1000 LLC (525 appfee)* | | 12.00 | |
| 804. Credit report *to Informative Research* | | 325.00 | |
| 805. Underwriting fee *2 see in filling paying process* | | 750.00 | |
| 806. | | 50.00 | |
| 807. *Tax Register fee to Douglas Turner* | | 12.00 | |
| 808. *Pd at Closed Cost to Bonnel Barry* | | 200.00 | |
| 809. *Documents fee to Douglas Turner* | | 7.50 | |
| 810. *Credit Report to First Rate* | | 56.00 | |
| 811. *Tax sve to Lend Station* | | | |
| 812. *Flood Search Premium to First Rate paid by Douglas Turner (105.25)* | | | |
| 813. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE:** | | | |
| 901. Interest from *12/8/06* to *1/1/07* days @ *71.20* | | 1210.40 | |
| 902. Mortgage Insurance premium for mos. to | | | |
| 903. Hazard Insurance premium for yrs. to | | | |
| 904. Flood Insurance premium for yrs. to | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER:** | | | $0.00 |
| 1001. Hazard Insurance (9) months @ *96.75* per month | | 870.75 | |
| 1002. Mortgage Insurance months @ per month | | | |
| 1003. City property taxes months @ per month | | | |
| 1004. County property taxes (4) months @ *209.14* per month | | 836.56 | |
| 1005. Annual assessments months @ per month | | | |
| 1006. Flood Insurance months @ per month | | | |
| 1007. School property taxes months @ per month | | | |
| 1008. Village property taxes months @ per month | | | |
| 1009. Aggregate adjustment | | (209.14) | |
| **1100. TITLE CHARGES:** | | | |
| 1101. Settlement or closing fee *to Rubel, Rosenblum & Bianco* | | 900.00 | |
| 1102. Abstract or title search *to Junction Abstract* | | 525.00 | |
| 1103. Title examination: | | | |
| 1104. Title insurance binder: | | | |
| 1105. Document preparation: | | | |
| 1106. Notary fees: | | | |
| 1107. Attorney's fees (includes above Item Numbers | | 1593.00 | |
| 1108. Title Insurance *to Junction Abstract* (includes above Item Numbers | | | |
| 1109. Lender's coverage | | | |
| 1110. Owner's coverage *to Junction Abstract* | | 395.00 | |
| 1111. *Recording fee to Junction Abstract* | | 500.00 | |
| 1112. *Endorsements to Junction Abstract* | | 250.00 | |
| 1113. *Bank notary fee* | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES:** | | | |
| 1201. Recording Deed *1.95* Mortgage *280.00* Rel. *80.00* | | 555.00 | |
| 1202. City/county tax/stamps Deed Mortgage | | | |
| 1203. State tax/stamps Deed Mortgage | | | |
| 1204. *R.P.T.* | | 6405.00 | |
| 1205. *Waste Water + Taxes + ECB file w/1800* | | 246.20 | |
| **1300. ADDITIONAL SETTLEMENT CHARGES:** | | | |
| 1301. Survey *To Junction* | | 148.00 | |
| 1302. Pest inspection | | | |
| 1303. | | | |
| 1304. | | | |
| 1305. *Lender pd atty Tk* | | 893.75 poc | |
| 1306. | | | |
| 1307. | | | |
| **1400. TOTAL SETTLEMENT CHARGES:** | | 17993.23 | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

| Borrower: | Date | Seller or Agent: | Date |
| Borrower: | Date | Seller or Agent: | Date |
| Borrower: | Date | Seller or Agent: | Date |

*325,000 + 110% = 357,500*
*X 1.8%*
*6435*
*-30*
*$6405*

*$50,000*
*- 1,800 - LIEN*
*- 1061 - TAXES*
*- 3599 - EXTRA*

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

| Settlement Agent: | Date |

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title U.S. Code Section 1001 and Section 1010.

WinClose by Fee Simple Software (205) 823-3993 (WWW.WinClose.com)          HUD-1 (Rev. 3/86)          Page 2

*259,000   (3599 poc)   262,599*

U.S. Department of Housing
and Urban Development

**Settlement Statement**

WinClose
Fee Simple Software, Inc
(205) 823-3993

OMB No. 2502-0265

| File Number | Loan Number | FHA/VA Case Number | Mortgage Ins. Number |
|---|---|---|---|
| 08093783 | | | |

**TYPE OF LOAN**

1. ☐ FHA  2. ☐ FmHA  3. ☑ Conv. Unins
4. ☐ VA  5. ☐ Conv. Ins.

NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "POC" were paid outside of closing; they are shown here for informational purposes and are not included in the totals.

**D. NAME AND ADDRESS OF BORROWER:** Georgie Hadayn  233-21 Linden Blvd  Cambria Heights NY 11411

**E. NAME AND ADDRESS OF SELLER (SELLER TIN**

**F. NAME AND ADDRESS OF LENDER:** Downey Savings + Loan

**G. PROPERTY LOCATION:** 233-21 Linden Blvd  Cambria Heights, NY 11411
Tax ID:

**PLACE OF SETTLEMENT:** Rockville Centre NY 1570

**H. SETTLEMENT AGENT:** Rubell Rosenblum + Bianco  100 Merrick Rd Ste 306E  Rockville Ht NY 11570
(TIN-

**I. SETTLEMENT DATE:** 12-11-06

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 17,843.23 | 403. Gross Proceeds | $0.00 |
| 104. Unil Shue | 262,046.78 | 404. | |
| 105. | | 405. | |
| **ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE:** | | **ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE:** | |
| 106. City/town taxes         to | | 406. City/town taxes         to | |
| 107. County taxes            to | | 407. County taxes            to | |
| 108. Assessments             to | | 408. Assessments             to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 279,890.01 | **420. GROSS AMOUNT DUE TO SELLER** | |
| **200. AMOUNTS PAID ON OR ON BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 325,000.00 | 502. Settlement charges to seller (line 1400 | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1st mortgage loan | |
| 205. | | 505. Payoff 2nd mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **ADJUSTMENTS FOR ITEMS UNPAID BY SELLER:** | | **ADJUSTMENTS FOR ITEMS UNPAID BY SELLER:** | |
| 210. City/town taxes         to | | 510. City/town taxes         to | |
| 211. County taxes            to | | 511. County taxes            to | |
| 212. Assessments             to | | 512. Assessments            to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER:** | 325,000.00 | **520. TOTAL REDUCTIONS IN AMOUNT DUE SELLER:** | |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross amount due from borrower (line 120) | 279,890.01 | 601. Gross amount due to seller (line 420) | |
| 302. Less amount paid by/for borrower (line 220) | 325,000.00 | 602. Less reductions in amount due seller (line 520) | |
| 303. CASH ( ☐ FROM )( ☑ TO ) BORROWER: | 45,109.99 | 603. CASH ( ☐ TO )( ☑ FROM ) SELLER: | |

The information requested does not lend itself to confidentiality.

Section 3 of the Real Estate Settlement Procedures Act (RESPA) requires the following: • HUD must develop a special information Booklet to help persons borrowing money to finance the purchase of residential real estate to better understand the nature and costs of real estate settlement services; • each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate; • Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement. These disclosures are mandatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.

The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.

SUBSTITUTE FORM 1099 STATEMENT: The information contained in Blocks E, G, H, and I on line 401 (or if line 401 is asterisked, lines 403 and 404) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

SELLER INSTRUCTIONS: If this real estate was your principal residence, file form 2119, Sale of Exchange of the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040). You are required by law to provide [see box E] your correct taxpayer identification number. If you do not provide [see box E] your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law, and under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

_____
Seller's Signature

HUD-1 (3-86) - RESPA, HB 4305.2    Page 1

## SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|

**L.**

**700. TOTAL SALES/BROKER'S COMMISSIONS:**

Based on price:          @

Division of Commission (Line 700) as follows:

| | | |
|---|---|---|
| 701. | to: | |
| 702. | to: | |
| 703. Commission paid at settlement | | |
| 704. | | |

**800. ITEMS PAYABLE IN CONNECTION WITH LOAN:**

| | | |
|---|---|---|
| 801. Loan origination fee | Review to Rebecca Whitford | 65.00 |
| 802. Appraisal fee | to Nationstar Lenders LLC (525.00pd) | 72.00 |
| 803. Appraisal fee | to Informative Research | 325.00 |
| 804. Credit report | to Informative Research | 750.00 |
| 805. Underwriting Review Fee Per Capital | | 50.00 |
| 806. Processing Fee to Docusign Service | | 75.00 |
| 807. Tax Service Fee to Docusign Service | | 200.00 |
| 808. Flood cert/closing chrt to Docusign Service | | 7.50 |
| 809. Documents fee to First Plat | | 56.00 |
| 810. Credit report to Land Amyor (105.25) | | |
| 811. tax escrow to First Plat mtg by Docusign Service | | |
| 812. | | |
| 813. | | |

**900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE:**

| | | |
|---|---|---|
| 901. Interest from 12/6/06 to 1/1/07 days @ 71.20 | | 1210.40 |
| 902. Mortgage insurance premium for mos. to | | |
| 903. Hazard insurance premium for yrs. to | | |
| 904. Flood insurance premium for yrs. to | | |
| 905. | | |

**1000. RESERVES DEPOSITED WITH LENDER:**

| | | | | |
|---|---|---|---|---|
| 1001. Hazard insurance | 9 months @ 96.75 | per month | 870.75 | $0.00 |
| 1002. Mortgage insurance | months @ | per month | | |
| 1003. City property taxes | months @ | per month | 836.56 | |
| 1004. County property taxes | 4 months @ 209.14 | per month | | |
| 1005. Annual assessments | months @ | per month | | |
| 1006. Flood insurance | months @ | per month | | |
| 1007. School property taxes | months @ | per month | (809.18) | |
| 1008. Village property taxes | months @ | per month | | |
| 1009. Aggregate adjustment | | | | |

**1100. TITLE CHARGES:**

| | | |
|---|---|---|
| 1101. Settlement or closing fee | to Rubel Rosenbaum & Basano | 900.00 |
| 1102. Abstract or title search | to Junction Abstract | 525.00 |
| 1103. Title examination | | |
| 1104. Title insurance binder | | |
| 1105. Document preparation: | | |
| 1106. Notary fees: | | |
| 1107. Attorney's fees | | 1593.00 |
| (Includes above item Numbers | ) | |
| 1108. Title insurance | to Junction Abstract | ████ |
| (Includes above item Numbers | ) | |
| 1109. Lender's coverage | | 245.00 |
| 1110. Owner's coverage to Junction Abstract | | 500.00 |
| 1111. Endorsements to Junction Abstract | | 250.00 |
| 1112. Recording to Junction Abstract | | |
| 1113. Facilitation | | |

**1200. GOVERNMENT RECORDING AND TRANSFER CHARGES:**

| | | | | |
|---|---|---|---|---|
| 1201. Recording fees | Mortgage 230.00 | Rel. 80.00 | 555.00 | |
| 1202. City/county tax/stamps | Mortgage 6405.00 | Deed | 6405.00 | |
| 1203. State tax/stamps | Mortgage | Deed | 25.00 | |
| 1204. | RP | | 246.20 | |
| 1205. WTP/Seller TASP - Taxes + ECB | | | | |

**1300. ADDITIONAL SETTLEMENT CHARGES:**

| | | |
|---|---|---|
| 1301. Survey to Junction | | 148.00 |
| 1302. Pest inspection | | |
| 1303. | | |
| 1304. | | |
| 1305. Lender pd mtg Tx | 893.75 poc | |
| 1306. | | |
| 1307. | | |

**1400. TOTAL SETTLEMENT CHARGES:**  17,843.23

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

| Borrower: X _Angeri Gottilleo_ | Date 12/11/06 | Seller or Agent: | Date |
|---|---|---|---|
| Borrower: | Date | Seller or Agent: | Date |
| Borrower: | Date | Seller or Agent: | Date |
| | | Settlement Agent: | Date |

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title U.S. Code Section 1001 and Section 1010.

WinClose by Fee Simple Software (205) 823-3993 (WWW.WinClose.com)          HUD-1 (Rev. 3/86)          Page 2

## Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ this income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Borrower _____

Co-Borrower _____

### I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | VA ☐   Conventional ☒   Other (explain): | | Agency Case Number | Lender Case Number |
|---|---|---|---|---|
| | FHA ☐   USDA/Rural Housing Service ☐ | | | 42444190 |

| Amount | Interest Rate | No. of Months | Amortization Type: | | |
|---|---|---|---|---|---|
| $ 325,000.00 | 1.500 % | 360 | ☐ Fixed Rate   ☒ GPM | ☐ Other (explain): ☐ ARM (type): | |

### II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP) | No. of Units |
|---|---|
| 233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY  11411 | 2 |

| Legal Description of Subject Property (attach description if necessary)   See Preliminary Title Report | Year Built |
|---|---|
| | 0 |

| Purpose of Loan | ☐ Purchase   ☐ Construction   ☒ Refinance   ☐ Construction-Permanent | ☐ Other (explain): | Property will be: ☒ Primary Residence   ☐ Secondary Residence   ☐ Investment |
|---|---|---|---|

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements | ☐ made   ☐ to be made |
|---|---|---|---|---|---|
| 1981 | $ 175,000.00 | $ 260,000.00 | Cash-Out/Debt Consolid | | |
| | | | | Cost: $ 0.00 | |

| Title will be held in what Name(s)   G.MIDOUIN, IMMACULA PIERRE-LOUIS,CIDONIA MID | Manner in which Title will be held   See Escrow Instructions | Estate will be held in: ☒ Fee Simple ☐ Leasehold (show expiration date) |
|---|---|---|

Source of Down Payment, Settlement Charges, and/or Subordinate Financing (explain)

### III. BORROWER INFORMATION

| Borrower | Co-Borrower |
|---|---|

| Borrower's Name (include Jr. or Sr. if applicable)   GEORGETTE  MIDOUIN | Co-Borrower's Name (include Jr. or Sr. if applicable) |
|---|---|

| Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School |
|---|---|---|---|---|---|---|---|
| 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 | (718) 528-0672 | 10/17/1940 | 16 | | | | |

| ☐ Married   ☒ Unmarried (include single, divorced, widowed)   ☐ Separated | Dependents (not listed by Co-Borrower)   no. 0   ages | ☐ Married   ☐ Unmarried (include single, divorced, widowed)   ☐ Separated | Dependents (not listed by Borrower)   no.   ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP) ☒ Own  ☐ Rent  25 No. Yrs. | Present Address (street, city, state, ZIP) ☐ Own  ☐ Rent  ___ No. Yrs. |
|---|---|
| 233-21 LINDEN BOULEVARD<br><br>CAMBRIA HEIGHTS NY 11411 | |

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) ☐ Own  ☐ Rent  ___ No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own  ☐ Rent  ___ No. Yrs. |
|---|---|

### IV. EMPLOYMENT INFORMATION

| Borrower | Co-Borrower |
|---|---|

| Name & Address of Employer  ☐ Self Employed | Yrs. on this job | Name & Address of Employer  ☐ Self Employed | Yrs. on this job |
|---|---|---|---|
| | Yrs. employed in this line of work/profession | | Yrs. employed in this line of work/profession |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer  ☐ Self Employed | Dates (from - to) | Name & Address of Employer  ☐ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income | | Monthly Income |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

| Name & Address of Employer  ☐ Self Employed | Dates (from - to) | Name & Address of Employer  ☐ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income | | Monthly Income |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

Freddie Mac Form 65 7/05
Fannie Mae Form 1003 7/05
Wolters Kluwer Financial Services
VMP®-21N (0507).03
Page 1 of 4                           Initials: _____

42444190

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 0.00 | $ | $ 0.00 | Rent | $ 0.00 | |
| Overtime | 0.00 | | 0.00 | First Mortgage (P&I) | 1,728.00 | $ 1,121.65 |
| Bonuses | 0.00 | | 0.00 | Other Financing (P&I) | 0.00 | 0.00 |
| Commissions | 0.00 | | 0.00 | Hazard Insurance | 0.00 | 90.27 |
| Dividends/Interest | 0.00 | | 0.00 | Real Estate Taxes | 0.00 | 309.14 |
| Net Rental Income | 0.00 | | 0.00 | Mortgage Insurance | 0.00 | 0.00 |
| Other (before completing, see the notice in "describe other income," below) | 5,469.00 | 0.00 | 5,469.00 | Homeowner Assn. Dues | 0.00 | 0.00 |
| | | | | Other: | 0.00 | -1,125.00 |
| Total | $ 5,469.00 | $ | $ 5,469.00 | Total | $ 1,728.00 | $ 396.06 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

| B/C | Describe Other Income   Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan. | Monthly Amount |
|---|---|---|
| B | Pension/Retirement Income | $ 3,125.00 |
| B | Social Security/Disability Income | 2,344.00 |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed about that spouse or other person also.   Completed [ ] Jointly [X] Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address, and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities, which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ 0.00 | LIABILITIES | | $ Payment/Months | $ |
| | | Name and address of Company | | $ Payment/Months | $ |
| List checking and savings accounts below | | WILSHIRE CREDIT CORP | | *1,728.00 | *260,382.00 |
| Name and address of Bank, S&L, or Credit Union | | | | 360 | |
| North Fork Bank | | | | | |
| | | Acct. no. 420167 | | | |
| Acct. no. 6699080146 | $ 6,955.00 | Name and address of Company | | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | ALLEN & ASOC | | [456.00] | [456.00] |
| | | | | 1 | |
| | | Acct. no. 2108148 | | | |
| Acct. no. | $ | Name and address of Company | | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | PAUL MICHAEL MARKETING | | 0.00 | 58.00 |
| | | | | 1 | |
| | | Acct. no. 3414103 | | | |
| Acct. no. | $ | Name and address of Company | | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | | |
| | | Acct. no. | | | |
| Acct. no. | $ | Name and address of Company | | $ Payment/Months | $ |
| Stocks & Bonds (Company name/number & description) | $ | | | | |
| | | Acct. no. | | | |
| | | Name and address of Company | | $ Payment/Months | $ |
| Life insurance net cash value | $ 0.00 | | | | |
| Face amount: $ 0.00 | | | | | |
| Subtotal Liquid Assets | $ 6,955.00 | | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 465,000.00 | Acct. no. | | | |
| Vested interest in retirement fund | $ 0.00 | Name and address of Company | | $ Payment/Months | $ |
| Net worth of business(es) owned (attach financial statement) | $ 0.00 | | | | |
| Automobiles owned (make and year) | $ | | | | |
| | | Acct. no. | | | |
| Other Assets (itemize) | $ | Alimony/Child Support/Separate Maintenance Payments Owed to: | | $ | |
| | | Job-Related Expense (child care, union dues, etc.) | | $ | |
| | | Total Monthly Payments | | $ 0.00 | |
| Total Assets a. | $ 471,955.00 | Net Worth (a minus b) ► $ 471,897.00 | Total Liabilities b. | $ | 58.00 |

42444190

## VI. ASSETS AND LIABILITIES (cont'd)

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 23321 LINDEN BLVD CAMBRIA HEIGHTS, NY 11411 | H 2-4 | $ 465000 | $ 260382 | $ 0 | $ 1728 | $ 0 | $ 0 |
| | | | | | | | |
| | | | | | | | |
| **Totals** | $ | 465000 | $ 260382 | $ 0 | $ 1728 | $ 0 | $ 0 |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ 0.00 |
| b. Alterations, improvements, repairs | 0.00 |
| c. Land (if acquired separately) | 0.00 |
| d. Refinance (incl. debts to be paid off) | 0.00 |
| e. Estimated prepaid items | 4,356.03 |
| f. Estimated closing costs | 2,402.50 |
| g. PMI, MIP, Funding Fee | 0.00 |
| h. Discount (if Borrower will pay) | 0.00 |
| i. Total costs (add items a through h) | 6,758.53 |
| j. Subordinate financing | 0.00 |
| k. Borrower's closing costs paid by Seller | 893.75 |
| l. Other Credits (explain) | |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 325,000.00 |
| n. PMI, MIP, Funding Fee financed | 0.00 |
| o. Loan amount (add m & n) | 325,000.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | -319,135.22 |

## VIII. DECLARATIONS

If you answer "Yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower Yes | Borrower No | Co-Borrower Yes | Co-Borrower No |
|---|---|---|---|---|
| a. Are there any outstanding judgments against you? | | X | | |
| b. Have you been declared bankrupt within the past 7 years? | | X | | |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | X | | |
| d. Are you a party to a lawsuit? | | X | | |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name, and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | X | | |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | | X | | |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | | X | | |
| h. Is any part of the down payment borrowed? | | X | | |
| i. Are you a co-maker or endorser on a note? | | X | | |
| j. Are you a U.S. citizen? | X | | | |
| k. Are you a permanent resident alien? | | X | | |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | X | | | |
| m. Have you had an ownership interest in a property in the last three years? | | X | | |
| (1) What type of property did you own - - principal residence (PR), second home (SH), or investment property (IP)? | PR | | | |
| (2) How did you hold title to the home - - solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | S | | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

**Acknowledgement.** Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate business purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☐ I do not wish to furnish this information. | CO-BORROWER | ☐ I do not wish to furnish this information. |
|---|---|---|---|
| **Ethnicity:** | ☐ Hispanic or Latino   ☒ Not Hispanic or Latino | **Ethnicity:** | ☐ Hispanic or Latino   ☐ Not Hispanic or Latino |
| **Race:** | ☐ American Indian or Alaska Native   ☐ Asian   ☒ Black or African American<br>☐ Native Hawaiian or Other Pacific Islander   ☐ White | **Race:** | ☐ American Indian or Alaska Native   ☐ Asian   ☐ Black or African American<br>☐ Native Hawaiian or Other Pacific Islander   ☐ White |
| **Sex:** | ☒ Female   ☐ Male | **Sex:** | ☐ Female   ☐ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: | Craig Falk | FIRST RATE CAPITAL CORP |
| ☐ Face-to-face interview | Interviewer's Signature             Date | 225 BROADHOLLOW RD #132N |
| ☒ Mail | | MELVILLE, NY 11747 |
| ☐ Telephone | Interviewer's Phone Number (incl. area code) | |
| ☐ Internet | (516) 454-9700 | |

42444190

Freddie Mac Form 65 7/05
Fannie Mae Form 1003 7/05

**CONTINUATION SHEET/RESIDENTIAL LOAN APPLICATION**

| | Borrower: | Agency Case Number: |
|---|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | MIDOUIN, GEORGETTE | |
| | Co-Borrower: | Lender Case Number: 42444190 |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
|---|---|---|---|
| X | | X | |
| | | | 42444190 |

Freddie Mac Form 65 7/05
Fannie Mae Form 1003 7/05
VMP ®-21N (0507).03

Page 4 of 4

**LENDER'S INSTRUCTIONS**
Itemization of Charges

| | |
|---|---|
| DATE: | December 11, 2006 |
| LOAN AMOUNT: | 325,000.00 |
| PURCHASE PRICE: | 0.00 |
| FIRST PAYMENT DATE: | February 1, 2007 |
| MATURITY DATE: | January 1, 2037 |
| COMMITMENT EXP: | 01/22/2007 |

| | |
|---|---|
| LOAN NO: | 9042444190 |
| BORROWER: | GEORGETTE MIDOUIN |
| ESCROW NO: | JK1795 |
| ORDER NO: | JK1795 |

ATTENTION SETTLEMENT AGENT (ESCROW HOLDER): THE REAL ESTATE SETTLEMENT PROCEDURES ACT REQUIRES SETTLEMENT AGENT TO SHOW THE NAME (I.E., PERSON OR FIRM) OF EACH SERVICE PROVIDER THAT ULTIMATELY RECEIVES PAYMENT FOR ANY ITEMS LISTED IN SECTION "L" OF THE HUD-1 (EXCEPT THOSE PAID OR RETAINED BY THE LENDER) INCLUDING BUT NOT LIMITED TO THOSE FEES PAID OUTSIDE OF CLOSING ("POC"). PLEASE REFER TO THE ATTACHED GOOD FAITH ESTIMATE OF SETTLEMENT CHARGES AND THE PROVIDER OF SERVICE SCHEDULE FOR CORRECT/REQUIRED INFORMATION.

| FEE DESCRIPTION | PD BY | AMOUNT CHARGED | PD OUTSIDE CLOSING | NET DUE | PAID TO |
|---|---|---|---|---|---|
| Credit Report | Bu | 12.00 | | 12.00 | Informative Research |
| Wire Transfer | Bu | 50.00 | | 50.00 | |
| Underwriting | Bu | 325.00 | | 325.00 | |
| Document | Bu | 200.00 | | 200.00 | |
| Flood Determination | Bu | 8.00 | | 8.00 | LandAmerica |
| Flood Monitoring | Bu | 4.00 | | 4.00 | LandAmerica |
| Tax Service | Bu | 56.00 | | 56.00 | LandAmerica |
| Appraisal Review | Bu | 65.00 | | 65.00 | WHITFORD, REBECCA |
| Mortgage Tax | BuL | 7,298.75 | 893.75 | 6,405.00 | Other |
| Annual County Property Taxes | Bu | 2,509.72 | 2,509.72 | 0.00 | |
| Broker - Appraisal | Bu | 525.00 | 525.00 | 0.00 | FIRST RATE CAPITAL CORP |
| Broker - Processing | Bu | 750.00 | | 750.00 | FIRST RATE CAPITAL CORP |
| Broker - Credit Report | Bu | 7.50 | | 7.50 | FIRST RATE CAPITAL CORP |
| | | | | | |
| Interest of 17 Days | | | | | |
| @ 71.20000 @ 7.996% | Bu | 1,210.40 | | 1,210.40 | |
| | | | | | |
| Hazard Insurance Premium | Bu | 1,161.00 | 1,161.00 | 0.00 | |
| | | | | | |
| Hazard Insurance | | | | | |
| 9 Mos @ 96.75 Per Month | Bu | 870.75 | | 870.75 | |
| County Property Taxes | | | | | |
| 4 Mos @ 209.14 Per Month | Bu | 836.56 | | 836.56 | |
| Aggregate Adjustment | Bu | -209.18 | | -209.18 | |
| | | | | | |
| Settlement or Closing Fee | Bu | 900.00 | | 900.00 | |
| Title Insurance | Bu | 3,870.00 | | 3,870.00 | |
| Recording Fees | Bu | 360.00 | | 360.00 | |

- Title Insurance, Escrow / Closing, Notary and Recording charges not included in proceeds calculation unless paid outside of closing by lender
- Paid by designation:    Bu = Borrower        S = Seller        L = Lender        B = Broker        O = Other
- (e) means an estimate

Downey Savings and Loan Association, F.A. considers the costs shown on the Lender's Instructions to be final. Settlement Agent must report any discrepancies to Downey Savings and Loan Association, F.A. prior to the signing (or execution) of the loan documents. No amounts in excess of the amounts shown on the Lender's Instructions are authorized for payment.

- A Broker Rebate of $10,562.50 ( 3.250%) is being paid by Downey Savings and Loan Association, F.A., to a mortgage broker for this transaction - POC.

2D0036-3.UFF v2-5-2006

# STATEMENT OF MORTGAGE CLOSING

CLOSING DATE:
MORTGAGOR(S): *M. d o u i n*
PREMISES: _____  _____  _____

Mortgage Amt.: *325 000*          Rate: _____%
1st Payment: _____          Principal & Interest: $_____

| TAXES: | | | mo. @ | | = | |
|---|---|---|---|---|---|---|
| TOWN/COUNTY | due | | mo. @ | | = | |
| CITY | due | | mo. @ | | = | |
| SCHOOL | due | | mo. @ | | = | |
| ANNUAL ASSESSMENTS | due | | mo. @ | | = | |
| VILLAGE | due | | mo. @ | | = | |
| HAZARD INS. | | | mo. @ | | = | |
| FLOOD INS. | | | mo. @ | | = | |
| MIP | | TOTAL MONTHLY PAYMENT | | | | |
| | | | | TAX ESCROW | | $0.00 |
| | | | | LESS AGGREGATE ADJ | | |
| | | | | TOTAL TAX ESCROW | | $0.00 |
| | | | | | = | |
| PER DIEM INTEREST | | | days @ | | = | |

| CHECK # | PAYEE | AMOUNT |
|---|---|---|
| | *Downey* | *2708.53* |
| | *Downey* | *720.00* |
| | *FRCC* | *757.50* |
| | *Junction* | *12382.20* |
| | *Troy Aman* | *525.00* |
| | *RRB* | *900.00* |
| | *Wilshire* | *262599.22* |
| | *Georgette Midouin* | *44402.05* |
| | | |
| | | |
| | | |
| | | |

LENDER MTG. TAX                    ASSIGN FEE $
        *10 562.50*

**ISSUANCE AND DISTRIBUTION OF THE ABOVE CHECKS ARE HEREBY APPROVED**

_____          _____
- Borrower                        - Seller

_____          _____
- Borrower                        - Seller

I authorize the Lender and Rubel, Rosenblum & Bianco, Lender's closing attorney, to make the above disbursements and further authorize them to change the amount of any disbursement to conform to actual or corrected payoff figures confirmed or received by them without further authorization from me. I understand and agree that this could result in the amount of any net disbursement to me being larger or smaller than shown above.

| SEPARATE CHECKS RECEIVED | AMOUNT |
|---|---|
| | |
| | |
| | |

**DOWNEY SAVINGS**
and Loan Association, F.A.

## GOOD FAITH ESTIMATE OF SETTLEMENT CHARGES

Date:                 December 11, 2006               Borrower(s):   GEORGETTE MIDOUIN
Loan Number:          9042444190
Loan Amount:          325,000.00
Loan Program:         A100
Loan Purpose:         Refinance
Loan Type:            Conventional
Property Address:     233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY  11411

The Information below reflects estimates of the charges which you are likely to incur at the settlement of your loan.  The fees listed are estimates - the actual charges may be more or less.  Your transaction may not involve a fee for every item listed.

The HUD-1 or HUD-1A Settlement Statement will show you the actual cost for items paid at settlement.

| Description of Charges | Amount Charged | Amount Paid Outside Closing | Net Due |
|---|---|---|---|
| Credit Report | 12.00 | 0.00 | 12.00 |
| Wire Transfer | 50.00 | 0.00 | 50.00 |
| Underwriting | 325.00 | 0.00 | 325.00 |
| Document | 200.00 | 0.00 | 200.00 |
| Flood Determination | 8.00 | 0.00 | 8.00 |
| Flood Monitoring | 4.00 | 0.00 | 4.00 |
| Tax Service | 56.00 | 0.00 | 56.00 |
| Appraisal Review | 65.00 | 0.00 | 65.00 |
| Mortgage Tax | 7,298.75 | 893.75 | 6,405.00 |
| Annual County Property Taxes * | 3,709.72 | 3,709.72 | 0.00 |
| Broker - Appraisal | 525.00 | 525.00 | 0.00 |
| Broker - Processing | 750.00 | 0.00 | 750.00 |
| Broker - Credit Report | 7.50 | 0.00 | 7.50 |
| Interest of 17 Days @  71.20000 @ 7.996% | 1,210.40 | 0.00 | 1,210.40 |
| Hazard Insurance Premium ** | 1,161.00 | 1,161.00 | 0.00 |
| Hazard Insurance  9 Mos @   96.75 Per Month | 870.75 | 0.00 | 870.75 |
| County Property Taxes  4 Mos @  309.14 Per Month | 1,236.56 | 0.00 | 1,236.56 |
| Aggregate Adjustment | -309.18 | 0.00 | -309.18 |
| Settlement or Closing Fee | 900.00 | 0.00 | 900.00 |
| Title Insurance | 3,870.00 | 0.00 | 3,870.00 |
| Recording Fees | 360.00 | 0.00 | 360.00 |

* Estimated Annual County Property Taxes based on information at application (refinance transactions) or calculated at 1.25% of sales price (purchase transactions).
** This estimated amount is reflective of a one-year prepaid hazard insurance premium. If this is a refinance loan transaction, we require that any existing hazard insurance policy have at least four (4) months remaining term.

- A Broker Rebate of $10,562.50  (  3.250%) is being paid by Downey Savings and Loan Association, F.A., to a mortgage broker for this transaction - POC.

TOTAL ESTIMATED CHARGES  $        | 17,439.78 |

(Does not include any adjustments paid through Escrow between the parties to the transaction)

These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA).  Additional information can be found in the HUD Special Information booklet entitled, "Settlement Costs and You", which is to be provided to you by your mortgage broker or lender, if your application is to purchase residential real property and the lender will take a first lien on the property.

**DOWNEY SAVINGS**
and Loan Association, F.A.

## GOOD FAITH ESTIMATE OF SETTLEMENT CHARGES

| | | |
|---|---|---|
| Date: | December 11, 2006 | Borrower(s):  GEORGETTE MIDOUIN |
| Loan Number: | 9042444190 | |
| Loan Amount: | 325,000.00 | |
| Loan Program: | A100 | |
| Loan Purpose: | Refinance | |
| Loan Type: | Conventional | |
| Property Address: | 233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY  11411 | |

The Information below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are
estimates - the actual charges may be more or less. Your transaction may not involve a fee for every item listed.

The HUD-1 or HUD-1A Settlement Statement will show you the actual cost for items paid at settlement.

| Description of Charges | Amount Charged | Amount Paid Outside Closing | Net Due |
|---|---|---|---|
| Credit Report | 12.00 | 0.00 | 12.00 |
| Wire Transfer | 50.00 | 0.00 | 50.00 |
| Underwriting | 325.00 | 0.00 | 325.00 |
| Document | 200.00 | 0.00 | 200.00 |
| Flood Determination | 8.00 | 0.00 | 8.00 |
| Flood Monitoring | 4.00 | 0.00 | 4.00 |
| Tax Service | 56.00 | 0.00 | 56.00 |
| Appraisal Review | 65.00 | 0.00 | 65.00 |
| Mortgage Tax | 7,298.75 | 893.75 | 6,405.00 |
| Annual County Property Taxes * | 2,509.72 | 2,509.72 | 0.00 |
| Broker - Appraisal | 525.00 | 525.00 | 0.00 |
| Broker - Processing | 750.00 | 0.00 | 750.00 |
| Broker - Credit Report | 7.50 | 0.00 | 7.50 |
| Interest of 17 Days @   71.20000 @  7.996% | 1,210.40 | 0.00 | 1,210.40 |
| Hazard Insurance Premium ** | 1,161.00 | 1,161.00 | 0.00 |
| Hazard Insurance  9 Mos @   96.75 Per Month | 870.75 | 0.00 | 870.75 |
| County Property Taxes  4 Mos @  209.14 Per Month | 836.56 | 0.00 | 836.56 |
| Aggregate Adjustment | -209.18 | 0.00 | -209.18 |
| Settlement or Closing Fee | 900.00 | 0.00 | 900.00 |
| Title Insurance | 3,870.00 | 0.00 | 3,870.00 |
| Recording Fees | 360.00 | 0.00 | 360.00 |

* Estimated Annual County Property Taxes based on information at application (refinance transactions) or
calculated at 1.25% of sales price (purchase transactions).
** This estimated amount is reflective of a one-year prepaid hazard insurance premium.  If this is a refinance
loan transaction, we require that any existing hazard insurance policy have at least four (4) months remaining
term.

- A Broker Rebate of $10,562.50 (  3.250%) is being paid by Downey Savings and Loan Association, F.A., to a
mortgage broker for this transaction - POC.

**TOTAL ESTIMATED CHARGES  $** | 17,139.78 |

**(Does not include any adjustments paid through Escrow between the parties to the transaction)**

These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA).  Additional information can
be found in the HUD Special Information booklet entitled, "Settlement Costs and You", which is to be provided to you by your mortgage broker or
lender, if your application is to purchase residential real property and the lender will take a first lien on the property.

X   (e) means an estimate

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

**Lender:** Downey Savings and Loan Association, F.A.
3501 Jamboree Road, Newport Beach, CA 92660

**Application / Loan Number:** 9042444190                Re: GEORGETTE MIDOUIN

**Date:** December 11, 2006

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCE | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 8.005 % | $627,119.76 | $321,704.60 | $948,824.36 |

PAYMENTS: Your payment schedule will be as follows :

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 1 | $1,121.65 | Monthly Beginning: 02/01/2007 |
| 11 | $1,121.65 | 03/01/2007 |
| 12 | $1,205.77 | 02/01/2008 |
| 12 | $1,296.20 | 02/01/2009 |
| 11 | $1,393.42 | 02/01/2010 |
| 312 | $2,843.51 | 01/01/2011 |
| 1 | $2,838.18 | 01/01/2037 |

| Index Type COFI | Current Index Rate 4.346 |
|---|---|

[X] Your loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to you earlier.

INSURANCE: The following insurance is required to obtain credit.   [X] Property Insurance   [ ] Flood Insurance
You may obtain the insurance from anyone you want that is acceptable to the creditor.

SECURITY: You are giving a security interest in :
        233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY  11411

LATE CHARGE: If a payment is more than 15   days late, you will be charged  6.000   % of the overdue payment.

PREPAYMENT: If you pay off early, you
[X] may   [ ] will not have to pay a penalty.
[ ] may   [X] will not be entitled to a refund of part of the finance charge.

ASSUMPTION: Someone buying your property
[ ] may   [X] may, subject to conditions   [ ] may not assume the remainder of your loan on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

[X]   (e) means an estimate

See attached Good Faith Estimate for settlement charges.
The undersigned acknowledge receiving and reading a completed copy of the disclosure.
Neither you nor the creditor previously has become obligated to make or accept this loan, nor is any such obligation made by the delivery or signing of this disclosure.

GEORGETTE MIDOUIN _____ (Date)          _____ (Date)

_____ (Date)          _____ (Date)

_____ (Date)          _____ (Date)

_____ (Date)          _____ (Date)

NOTE: Payments shown above do not include reserve deposits for taxes, assessments, and property or flood insurance.          REZ.UFF (05/10/04) CR12697 RG

**DOWNEY SAVINGS**
and Loan Association, F.A.

# NOTICE OF RIGHT TO CANCEL

LENDER **Downey Savings and Loan Association, F.A.**
**25972 MUIRLANDS SUITE #204**
**MISSION VIEJO, CA 92691**

Date: **December 11, 2006**
Loan No: **9042444190**
Loan Type:  **Conventional**

**Property Address:    233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY 11411**
You are entering into a transaction that will result in a mortgage on your home.  You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)   The date of the new  transaction, which is **December 11, 2006** *
             or
(2)  The date you received your new Truth in Lending disclosures;
             or
(3)  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage is also cancelled.  Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage on your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may hold any money or property we have given you until we have done the things mentioned above, but you must then  return the money or property that we gave you.  Money must be returned  in full to the address below.  With respect to property only, if it is impractical or unfair for you to return the property, you must offer its reasonable value.  You may offer to return the property at your home - or at the location of the property.  If we do not take possession of the property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

**HOW TO CANCEL**
If you decide to cancel this transaction, you must notify us in writing at:

**Downey Savings and Loan Association, F.A.  (Attention: Legal Department)**
**3501 Jamboree Road**
**Newport Beach, CA 92660**

    You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below.  Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight on **December 14, 2006** **

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above).  If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I  WISH TO CANCEL**  (Sign this _only_ if you wish to cancel your loan.)

_____  _____        _____  _____
Signature                Date                Signature                Date

I/We each acknowledge receipt of two completely filled in copies of this NOTICE OF RIGHT TO CANCEL, and one copy of the Federal Truth-in-Lending Act Disclosure Statement.

Each borrower in this transaction has the right to cancel.  The exercise of this right by one borrower shall be effective as to all borrowers.

*   IF THIS DATE IS DIFFERENT FROM THE DATE YOU ARE SIGNING THIS NOTICE AND THE NOTE AND THE DEED OF TRUST OR MORTGAGE, PLEASE CROSS OUT THE INCORRECT DATE, AND INSERT THE DATE OF SIGNING.  EACH BORROWER MUST INITIAL THE CHANGE.

**   THIS DATE MUST BE **THREE BUSINESS DAYS** FROM THE DATE SHOWN IN (1), ABOVE.  (SEE ATTACHED CALCULATION INSTRUCTIONS.)  IF THE DATE IS INCORRECT, PLEASE CROSS IT OUT AND INSERT THE CORRECT DATE.  EACH BORROWER MUST INITIAL THE CHANGE.

_____                         _____
                        Date                                            Date
GEORGETTE MIDOUIN

_____                         _____
                        Date                                            Date

_____                         _____
                        Date                                            Date

_____                         _____
                        Date                                            Date

Right of Rescission (General)

NORTCGEN.UFF (08/31/04) CR22538 VC

**DOWNEY SAVINGS**
and Loan Association, F.A.

# NOTICE OF RIGHT TO CANCEL

| | |
|---|---|
| LENDER **Downey Savings and Loan Association, F.A.** | Date: **December 11, 2006** |
| **25972 MUIRLANDS SUITE #204** | Loan No: **9042444190** |
| **MISSION VIEJO, CA 92691** | Loan Type: **Conventional** |

**Property Address:** **233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY 11411**

You are entering into a transaction that will result in a mortgage on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)  The date of the new  transaction, which is **December 11, 2006 ***
                              or
(2)  The date you received your new Truth in Lending disclosures;
                              or
(3)  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage on your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may hold any money or property we have given you until we have done the things mentioned above, but you must then return the money or property that we gave you. Money must be returned in full to the address below. With respect to property only, if it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home - or at the location of the property. If we do not take possession of the property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**
If you decide to cancel this transaction, you must notify us in writing at:

    **Downey Savings and Loan Association, F.A.  (Attention: Legal Department)**
    **3501 Jamboree Road**
    **Newport Beach, CA 92660**

    You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight on **December 14, 2006 ****

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL** (Sign this <u>only</u> if you wish to cancel your loan.)

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Signature | Date | Signature | Date |

---

I/We each acknowledge receipt of two completely filled in copies of this <u>NOTICE OF RIGHT TO CANCEL</u>, and one copy of the Federal Truth-in-Lending Act Disclosure Statement.

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective as to all borrowers.

\*  IF THIS DATE IS DIFFERENT FROM THE DATE YOU ARE SIGNING THIS NOTICE AND THE NOTE AND THE DEED OF TRUST OR MORTGAGE, PLEASE CROSS OUT THE INCORRECT DATE, AND INSERT THE DATE OF SIGNING. EACH BORROWER MUST INITIAL THE CHANGE.

\*\*  THIS DATE MUST BE **THREE BUSINESS DAYS** FROM THE DATE SHOWN IN (1), ABOVE. (SEE ATTACHED CALCULATION INSTRUCTIONS.) IF THE DATE IS INCORRECT, PLEASE CROSS IT OUT AND INSERT THE CORRECT DATE. EACH BORROWER MUST INITIAL THE CHANGE.

| | | | |
|---|---|---|---|
| **GEORGETTE MIDOUIN** _____ | Date | _____ | Date |
| _____ | Date | _____ | Date |
| _____ | Date | _____ | Date |
| _____ | Date | _____ | Date |

NORTGGEN.UFF (08/31/04) CR22538 VC

**Right of Rescission (General)**

**DOWNEY SAVINGS**
and Loan Association, F.A.

# NOTICE OF RIGHT TO CANCEL

LENDER **Downey Savings and Loan Association, F.A.**
**25972 MUIRLANDS SUITE #204**
**MISSION VIEJO, CA 92691**

Date: **December 11, 2006**
Loan No: **9042444190**
Loan Type: **Conventional**

Property Address: **233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY 11411**

You are entering into a transaction that will result in a mortgage on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1) The date of the new transaction, which is **December 11, 2006 \***
or
(2) The date you received your new Truth in Lending disclosures;
or
(3) The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage on your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may hold any money or property we have given you until we have done the things mentioned above, but you must then return the money or property that we gave you. Money must be returned in full to the address below. With respect to property only, if it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home - or at the location of the property. If we do not take possession of the property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

**HOW TO CANCEL**
If you decide to cancel this transaction, you must notify us in writing at:

**Downey Savings and Loan Association, F.A. (Attention: Legal Department)**
**3501 Jamboree Road**
**Newport Beach, CA 92660**

You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight on **December 14, 2006 \*\***

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL** (Sign this _only_ if you wish to cancel your loan.)

| Signature | Date | Signature | Date |
|---|---|---|---|

I/We each acknowledge receipt of two completely filled in copies of this NOTICE OF RIGHT TO CANCEL, and one copy of the Federal Truth-in-Lending Act Disclosure Statement.

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective as to all borrowers.

* IF THIS DATE IS DIFFERENT FROM THE DATE YOU ARE SIGNING THIS NOTICE AND THE NOTE AND THE DEED OF TRUST OR MORTGAGE, PLEASE CROSS OUT THE INCORRECT DATE, AND INSERT THE DATE OF SIGNING. EACH BORROWER MUST INITIAL THE CHANGE.

** THIS DATE MUST BE **THREE BUSINESS DAYS** FROM THE DATE SHOWN IN (1), ABOVE. (SEE ATTACHED CALCULATION INSTRUCTIONS.) IF THE DATE IS INCORRECT, PLEASE CROSS IT OUT AND INSERT THE CORRECT DATE. EACH BORROWER MUST INITIAL THE CHANGE.

| GEORGETTE MIDOUIN | Date | IMMACULA PIERRE-LOUIS *NON-APPLICANT | Date |
|---|---|---|---|
| | Date | | Date |
| | Date | CIDONIA MIDOUIN *NON-APPLICANT | Date |
| | Date | | Date |

Right of Rescission (General)

NORTGGEN.UFF (03/31/04) CR22538 VC

**DOWNEY SAVINGS**
and Loan Association, F.A.

# NOTICE OF RIGHT TO CANCEL

LENDER   **Downey Savings and Loan Association, F.A.**
25972 MUIRLANDS SUITE #204
MISSION VIEJO, CA 92691

Date: **December 11, 2006**
Loan No: **9042444190**
Loan Type:   **Conventional**

**Property Address:**   **233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY  11411**

You are entering into a transaction that will result in a mortgage on your home.  You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)  The date of the new  transaction, which is **December 11, 2006** *
or
(2)  The date you received your new Truth in Lending disclosures;
or
(3)  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage is also cancelled.  Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage on your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may hold any money or property we have given you until we have done the things mentioned above, but you must then return the money or property that we gave you.  Money must be returned  in full to the address below.  With respect to property only, if it is impractical or unfair for you to return the property, you must offer its reasonable value.  You may offer to return the property at your home - or at the location of the property.  If we do not take possession of the property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

**HOW TO CANCEL**
If you decide to cancel this transaction, you must notify us in writing at:

**Downey Savings and Loan Association, F.A.  (Attention: Legal Department)**
**3501 Jamboree Road**
**Newport Beach, CA 92660**

You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below.  Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight on   **December 14, 2006** **

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above).  If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**  (Sign this _only_ if you wish to cancel your loan.)

_____   _____        _____   _____
Signature                          Date                    Signature                          Date

I/We each acknowledge receipt of two completely filled in copies of this NOTICE OF RIGHT TO CANCEL, and one copy of the Federal Truth-in-Lending Act Disclosure Statement.

Each borrower in this transaction has the right to cancel.  The exercise of this right by one borrower shall be effective as to all borrowers.

*    IF THIS DATE IS DIFFERENT FROM THE DATE YOU ARE SIGNING THIS NOTICE AND THE NOTE AND THE DEED OF TRUST OR MORTGAGE, PLEASE CROSS OUT THE INCORRECT DATE, AND INSERT THE DATE OF SIGNING.  EACH BORROWER MUST INITIAL THE CHANGE.

**    THIS DATE MUST BE THREE BUSINESS DAYS FROM THE DATE SHOWN IN (1), ABOVE.  (SEE ATTACHED CALCULATION INSTRUCTIONS.)  IF THE DATE IS INCORRECT, PLEASE CROSS IT OUT AND INSERT THE CORRECT DATE.  EACH BORROWER MUST INITIAL THE CHANGE.

_____   _____        _____   _____
GEORGETTE MIDOUIN                  Date                                                     Date

_____   _____        _____   _____
                                   Date                                                     Date

_____   _____        _____   _____
                                   Date                                                     Date

_____   _____        _____   _____
                                   Date                                                     Date

Right of Rescission (General)

NORTCGEN.UFF (08/31/04) CR22538 VC

WinClose
For Simple Schwartz, Inc
(205) 823-3993

U.S. Department of Housing
and Urban Development
OMB No. 2502-0265

A. Settlement Statement

| TYPE OF LOAN | | |
|---|---|---|
| 1. ☐ FHA  2. ☐ FmHA  3. ☒ Conv. Unins | File Number: 06093763 | Loan Number: | FHA/VA Case Number: | Mortgage Ins. Number: |
| 4. ☐ VA  5. ☐ Conv. Ins. | | | | |

NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "POC" were paid outside of closing; they are shown here for informational purposes and are not included in the totals.

NAME AND ADDRESS
OF BORROWER: Georgette Hislowin
233-21 Linden Blvd
Cambria Heights, NY 11411

NAME AND ADDRESS
OF SELLER:
(SELLER TIN)            Downey Savings + Loan

NAME AND ADDRESS
OF LENDER:

PROPERTY LOCATION: 233-21 Linden Blvd
Cambria Heights, NY 11411
Tax ID:

SETTLEMENT AGENT: Kubel Rosen Glenn + Bianco
100 Hermard Ste 3000
Rockville Centre NY 11570
(TIN-

PLACE OF SETTLEMENT: 100 Hermard Rd
Rockville Centre, NY 11570

SETTLEMENT DATE:

| J.   SUMMARY OF BORROWER'S TRANSACTION | | K.   SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER: | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 17999.23 | 403. (Gross Proceeds- | $0.00 ) |
| 104. W Share | 262,599.72 | 404. | |
| 105. | | 405. | |
| ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | | ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | |
| 106. City/town taxes          to | | 406. City/town taxes          to | |
| 107. County taxes             to | | 407. County taxes             to | |
| 108. Assessments              to | | 408. Assessments              to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 280592.95 | 420. GROSS AMOUNT DUE TO SELLER: | |
| 200. AMOUNTS PAID ON OR ON BEHALF OF BORROWER: | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 325,000.00 | 502. Settlement charges to seller (line 1400 | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1st mortgage loan | |
| 205. | | 505. Payoff 2nd mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | | ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | |
| 210. City/town taxes          to | | 510. City/town taxes          to | |
| 211. County taxes             to | | 511. County taxes             to | |
| 212. Assessments              to | | 512. Assessments              to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER: | 325,000.00 | 520. TOTAL REDUCTIONS IN AMOUNT DUE SELLER: | |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER: | | 600. CASH AT SETTLEMENT TO/FROM SELLER: | |
| 301. Gross amount due from borrower (line 120) | 280592.9 | 601. Gross amount due to seller (line 420) | |
| 302. Less amount paid by/for borrower (line 220) | 325000.00 | 602. Less reductions in amount due seller (line 520) | |
| 303. CASH ( ☐ FROM )( ☒ TO ) BORROWER | 4440205 | 603. CASH ( ☐ TO )( ☒ FROM ) SELLER | |

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following: • HUD must develop a Special Information Booklet to help persons borrowing money to finance the purchase of residential real estate to better understand the nature and costs of real estate settlement services; • Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate; • Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement. These disclosures are mandatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.

The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.

The information requested does not lend itself to confidentiality.

SUBSTITUTE FORM 1099 STATEMENT: The information contained in Blocks E, G, H, and I and on line 401 (of if line 401 is asterisked, lines 403 and 404) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that is has not been reported.

SELLER INSTRUCTIONS: If this real estate was your principal residence, file form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040). You are required by law to provide (see box E) your correct taxpayer identification number. If you do not provide (see box E) your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law, and under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

Seller's Signature

HUD-1 (3-86) - RESPA, HB 4305.2   Page 1

| | SETTLEMENT CHARGES | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSIONS: | Based on price: @ | | |
| | Division of Commission (Line 700) as follows: | | |
| 701. | to: | | |
| 702. | to: | | |
| 703. | Commission paid at settlement | | |
| 704. | | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN: | | | |
| 801. Loan origination fee | Review To Rebecca Whitford | 65.00 | |
| 802. Appraisal fee | to Anand (Sd) Lender LLC (525.00 POC) | 12.00 | |
| 803. Credit report | to Informative Research | 325.00 | |
| 804. | to Rohmey Singh | 350.00 | |
| 805. Underwriting fee | to Bonney Danya | 50.00 | |
| 806. Processing fee | to Rohmey Singh | 12.00 | |
| 807. Appraisal fee | to Rohmey Singh | 200.00 | |
| 808. | to Bonney Danya | 7.50 | |
| 809. Payments fee | to First Bank | 56.00 | |
| 810. Credit Report | to Land Amrican | | |
| 811. Tax Svc To Land Amrican (105250) | | | |
| 812. Yield Spread Premium to instant mtl by Bonney Singh | | | |
| 813. | | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE: | | | |
| 901. Interest from 12/8/06 to 1/1/07 days @ 71.20 | | 1210.40 | |
| 902. Mortgage insurance premium for mos. to | | | |
| 903. Hazard insurance premium for yrs. to | | | |
| 904. Flood insurance premium for yrs. to | | | |
| 905. | | | |
| 1000. RESERVES DEPOSITED WITH LENDER: | | 870.75 | $0.00 |
| 1001. Hazard Insurance (9) months @ 96.75 per month | | | |
| 1002. Mortgage Insurance months @ per month | | 836.56 | |
| 1003. City property taxes (4) months @ 209.14 per month | | | |
| 1004. County property taxes months @ per month | | | |
| 1005. Annual assessments months @ per month | | | |
| 1006. Flood Insurance months @ per month | | | |
| 1007. School property taxes months @ per month | | (209.15) | |
| 1008. Village property taxes months @ per month | | | |
| 1009. Aggregate adjustment | | | |
| 1100. TITLE CHARGES: | | 900.00 | |
| 1101. Settlement or closing fee | To Rubel, Rosenblum & Bianco | 525.00 | |
| 1102. Abstract or title search | To Junction Abstract | | |
| 1103. Title examination | | | |
| 1104. Title insurance binder | | | |
| 1105. Document preparation | | | |
| 1106. Notary fees | | | |
| 1107. Attorney's fees | | 1593.00 | |
| (includes above item Numbers | | | |
| 1108. Title Insurance | To Junction Abstract | | |
| (includes above item Numbers | | | |
| 1109. Lender's coverage | | | |
| 1110. Owner's coverage | To Junction Abstract | 395.00 | |
| 1111. Recording | To Junction Abstract | 500.00 | |
| 1112. Endorsements | To Junction Abstract | 250.00 | |
| 1113. Bank Attorney | | | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES: | | 555.00 | |
| 1201. Recording Deed 195 Mortgage 280.00 Rel. 80.00 | | | |
| 1202. City/county tax/stamps Deed Mortgage | | 6405.00 | |
| 1203. State tax/stamps Deed Mortgage 6405.00 File w/Deed | | 75.00 | |
| 1204. RPT | | 246.20 | |
| 1205. NYT/Serv/VISN + Taxes ECB | | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES: | | 148.00 | |
| 1301. Survey To Junction | | | |
| 1302. Pest inspection | | | |
| 1303. | | | |
| 1304. | | 893.25 POC | |
| 1305. Lender pd mtg Tax | | | |
| 1306. | | | |
| 1307. | | 1799.35 | |
| 1400. TOTAL SETTLEMENT CHARGES: | | | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrower: _____ 325,000 × 110% = 357,500 × 1.8% _____ Date _____

Borrower: _____ 6435 − 30 = 6405 _____ Date _____

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Seller or Agent: _____ 60,000 − 1,800 - LIEN − 1061 - TAX C − 3599 - EXTRA _____ Date _____

Settlement Agent: _____ Date _____

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title U.S. Code Section 1001 and Section 1010.

259,000    262,599

**Settlement Statement**

WinClose
Fee Simple Software, Inc
(205) 823-3993

U.S. Department of Housing
and Urban Development
OMB No. 2502-0265

| TYPE OF LOAN | | | | |
|---|---|---|---|---|
| 1. ☐ FHA  2. ☐ FmHA  3. ☒ Conv. Unins | File Number 06093783 | Loan Number | FHA/VA Case Number | Mortgage Ins. Number |
| 4. ☐ VA  5. ☐ Conv. Ins. | | | | |

NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "POC" were paid outside of closing; they are shown here for informational purposes and are not included in the totals.

D. NAME AND ADDRESS
OF BORROWER: Seborah Hilaby
235-21 Linden Blvd
Cambria Heights, NY 11411

E. NAME AND ADDRESS
OF SELLER:
(SELLER TIN)

F. NAME AND ADDRESS
OF LENDER: Downey Savings & Loan

G. PROPERTY LOCATION: 235-21 Linden Blvd
Tax ID: Cambria Heights, NY 11411

H. SETTLEMENT AGENT: Judge Rosen Yauf  France     PLACE OF SETTLEMENT:
(TIN-                100 Merrick Rd Ste 306C          100 Merrick Rd
Rockville Centre NY 11570                             Rockville Centre NY 11570

I. SETTLEMENT DATE: 12-11-06

| J. | SUMMARY OF BORROWER'S TRANSACTION | | K. | SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|---|---|
| 100. | GROSS AMOUNT DUE FROM BORROWER: | | 400. | GROSS AMOUNT DUE TO SELLER: | |
| 101. | Contract sales price | | 401. | Contract sales price | |
| 102. | Personal property | | 402. | Personal property | |
| 103. | Settlement charges to borrower (line 1400) | 17,843.23 | 403. * (Gross Proceeds- | $0.00 |
| 104. | Insure | 262,046.78 | 404. | | |
| 105. | | | 405. | | |
| | ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | | | ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | |
| 106. | City/town taxes         to | | 406. | City/town taxes         to | |
| 107. | County taxes            to | | 407. | County taxes            to | |
| 108. | Assessments            to | | 408. | Assessments            to | |
| 109. | | | 409. | | |
| 110. | | | 410. | | |
| 111. | | | 411. | | |
| 112. | | | 412. | | |
| 120. | GROSS AMOUNT DUE FROM BORROWER: | 279,890.01 | 420. | GROSS AMOUNT DUE TO SELLER: | |
| 200. | AMOUNTS PAID ON OR ON BEHALF OF BORROWER: | | 500. | REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| 201. | Deposit or earnest money | 325,000.00 | 501. | Excess deposit (see instructions) | |
| 202. | Principal amount of new loan(s) | | 502. | Settlement charges to seller (line 1400) | |
| 203. | Existing loan(s) taken subject to | | 503. | Existing loan(s) taken subject to | |
| 204. | | | 504. | Payoff 1st mortgage loan | |
| 205. | | | 505. | Payoff 2nd mortgage loan | |
| 206. | | | 506. | | |
| 207. | | | 507. | | |
| 208. | | | 508. | | |
| 209. | | | 509. | | |
| | ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | | | ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | |
| 210. | City/town taxes         to | | 510. | City/town taxes         to | |
| 211. | County taxes            to | | 511. | County taxes            to | |
| 212. | Assessments            to | | 512. | Assessments            to | |
| 213. | | | 513. | | |
| 214. | | | 514. | | |
| 215. | | | 515. | | |
| 216. | | | 516. | | |
| 217. | | | 517. | | |
| 218. | | | 518. | | |
| 219. | | | 519. | | |
| 220. | TOTAL PAID BY/FOR BORROWER: | 325,000.00 | 520. | TOTAL REDUCTIONS IN AMOUNT DUE SELLER: | |
| 300. | CASH AT SETTLEMENT FROM/TO BORROWER: | | 600. | CASH AT SETTLEMENT TO/FROM SELLER: | |
| 301. | Gross amount due from borrower (line 120) | 279,890.01 | 601. | Gross amount due to seller (line 420) | |
| 302. | Less amount paid by/for borrower (line 220) | 325,000.00 | 602. | Less reductions in amount due seller (line 520) | |
| 303. | CASH ( ☐ FROM )( ☒ TO ) BORROWER: | 45,109.89 | 603. | CASH ( ☐ TO )( ☒ FROM ) SELLER: | |

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following: - HUD must develop a special information Booklet to help persons borrowing money to finance the purchase of residential real estate to better understand the nature and costs of real estate settlement services; Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate; - Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement. These disclosures are mandatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.

The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.

The information requested does not lend itself to confidentiality.

SUBSTITUTE FORM 1099 STATEMENT: The information contained in Blocks E, G, H, I and on line 401 (of if line 401 is asterisked, lines 403 and 404) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

SELLER INSTRUCTIONS: If this real estate was your principal residence, file form 2119, Sale of Exchange of Principal Residence, for any gain, with your income tax return for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040). You are required by law to provide [see box 2] your correct taxpayer identification number. If you do not provide [see box 2] your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law, and under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

Seller's Signature

HUD-1 (3-86) - RESPA, HB 4305.2   Page 1

SETTLEMENT CHARGES

| L. | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSIONS:** | | | |
| Based on price: | | | |
| Division of Commission (Line 700) as follows: | | | |
| 701. | to: | | |
| 702. | to: | | |
| 703. Commission paid at settlement | | | |
| 704. | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN:** | | 165.00 | |
| 801. Loan origination fee *Review To Rebecca Whitford* | | 12.00 | |
| 802. Appraisal *To A. Tandisa Inc.* (525.00PP) | | | |
| 803. Appraisal fee | | 325.00 | |
| 804. Credit report *To Informative Research* | | 750.00 | |
| 805. *Underwriting Review Fee To First Capital* | | 50.00 | |
| 806. *Processing Fee To Point Mortgage* | | | |
| 807. *Underwriting fee To Armand Darry* | | 17.00 | |
| 808. *Tax service cert To Point Mortgage* | | 200.00 | |
| 809. Flood search fee *To First Rate* | | 7.50 | |
| 810. | | 56.00 | |
| 811. *Credit Report To Land Amyser* | | | |
| 812. *Yield Spread Premium to First Rate paid out by Armand Darry* (1052.50) | | | |
| 813. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE:** | | 1210.40 | |
| 901. Interest from 12/8/06 to 1/1/07 days @ 71.20 | | | |
| 902. Mortgage insurance premium for mos. to | | | |
| 903. Hazard insurance premium for yrs. to | | | |
| 904. Flood insurance premium for yrs. to | | | |
| 905. | | 870.75 | $0.00 |
| **1000. RESERVES DEPOSITED WITH LENDER:** | | | |
| 1001. Hazard insurance 9 months @ 96.75 per month | | | |
| 1002. Mortgage insurance months @ per month | | 836.56 | |
| 1003. City property taxes months @ per month | | | |
| 1004. County property taxes 4 months @ 209.14 per month | | | |
| 1005. Annual assessments months @ per month | | | |
| 1006. Flood insurance months @ per month | | | |
| 1007. School property taxes months @ per month | | (209.14) | |
| 1008. Village property taxes months @ per month | | | |
| 1009. Aggregate adjustment | | | |
| **1100. TITLE CHARGES:** | | 900.00 | |
| 1101. Settlement or closing fee *To Rubel Rosenbuam & Balous* | | 525.00 | |
| 1102. Abstract or title search: *To Junction Abstract* | | | |
| 1103. Title examination: | | | |
| 1104. Title insurance binder: | | | |
| 1105. Document preparation: | | | |
| 1106. Notary fees: | | | |
| 1107. Attorney's fees | | 1593.00 | |
| (includes above item Numbers ) | | | |
| 1108. Title Insurance *To Junction Abstract* | | | |
| (includes above item Numbers ) | | | |
| 1109. Lender's coverage | | 245.00 | |
| 1110. Owner's coverage *To Junction Abstract* | | 500.00 | |
| 1111. *Recording To Junction Abstract* | | 1250.00 | |
| 1112. *Endorsements To Junction Abstract* | | | |
| 1113. *Payoff search* | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES:** | | 555.00 | |
| 1201. Recording Deed 195 Mortgage 280.00 Rel. 80.00 | | | |
| 1202. City/county tax/stamps Deed Mortgage 6405.00 | | 6405.00 | |
| 1203. State tax/stamps Deed Mortgage | | 75.00 | |
| 1204. *RPT* | | 2461.20 | |
| 1205. *NYS Transfer + Taxes + CCB* | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES:** | | 148.00 | |
| 1301. Survey *To Junction* | | | |
| 1302. Pest inspection | | | |
| 1303. | | | |
| 1304. | | | |
| 1305. *Lender pd Mtg Tx* 893.75 poc | | | |
| 1306. | | | |
| 1307. | | 17,843.23 | |
| **1400. TOTAL SETTLEMENT CHARGES:** | | | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrower: X _Margaret Gotelled_   Date 12/11/06      Seller or Agent: _____ Date _____

Borrower: _____ Date _____      Seller or Agent: _____ Date _____

Borrower: _____ Date _____      Seller or Agent: _____ Date _____

Settlement Agent: _____ Date _____

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title U.S. Code Section 1001 and Section 1010.

## Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Borrower _____

Co-Borrower _____

### I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☒ Conventional  ☐ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|
| | ☐ FHA  ☐ USDA/Rural Housing Service | | 42444190 |

| Amount | Interest Rate | No. of Months | Amortization Type: | ☐ Fixed Rate  ☐ Other (explain): |
|---|---|---|---|---|
| $ 325,000.00 | 1.500 % | 360 | | ☐ GPM  ☒ ARM (type): |

### II. PROPERTY INFORMATION AND PURPOSE OF LOAN

Subject Property Address (street, city, state & ZIP)                                                   No. of Units
233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY 11411                                                      2

Legal Description of Subject Property (attach description if necessary)   See Preliminary Title Report     Year Built
0

| Purpose of Loan | ☐ Purchase  ☐ Construction  ☐ Other (explain): | Property will be: |
|---|---|---|
| | ☒ Refinance  ☐ Construction-Permanent | ☒ Primary Residence  ☐ Secondary Residence  ☐ Investment |

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements | ☐ made  ☐ to be made |
|---|---|---|---|---|---|
| 1981 | $ 175,000.00 | $ 260,000.00 | Cash-Out/Debt Consolid | Cost: $ 0.00 | |

Title will be held in what Name(s)  G.MIDOUIN, IMMACULA PIERRE-LOUIS, CIDONIA HID

Manner in which Title will be held   See Escrow Instructions

Estate will be held in:
☒ Fee Simple
☐ Leasehold (show expiration date)

Source of Down Payment, Settlement Charges, and/or Subordinate Financing (explain)

### III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | GEORGETTE  MIDOUIN | Co-Borrower's Name (include Jr. or Sr. if applicable) |

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| Social Security Number | 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 | Home Phone (incl. area code) (718) 528-0672 | DOB (mm/dd/yyyy) 10/17/1940 | Yrs. School 16 |

Borrower: ☐ Married  ☒ Unmarried (include single, divorced, widowed)  ☐ Separated
Dependents (not listed by Co-Borrower) no. 0  ages

Co-Borrower: ☐ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated
Dependents (not listed by Borrower) no.  ages

Present Address (street, city, state, ZIP)  ☒ Own  ☐ Rent  25  No. Yrs.
233-21 LINDEN BOULEVARD
CAMBRIA HEIGHTS NY 11411

Present Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs.

Mailing Address, if different from Present Address

Mailing Address, if different from Present Address

If residing at present address for less than two years, complete the following:

Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs.

Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs.

### IV. EMPLOYMENT INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Name & Address of Employer  ☐ Self Employed | Yrs. on this job | Name & Address of Employer  ☐ Self Employed | Yrs. on this job |

Yrs. employed in this line of work/profession

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer  ☐ Self Employed | Dates (from - to) | Name & Address of Employer  ☐ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer  ☐ Self Employed | Dates (from - to) | Name & Address of Employer  ☐ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

42444190

Freddie Mac Form 65 7/05
Fannie Mae Form 1003 7/05
Wolters Kluwer Financial Services
VMP®-21N (0507).03
Page 1 of 4

Initials: _____

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 0.00 | | $ 0.00 | Rent | $ 0.00 | |
| Overtime | 0.00 | | 0.00 | First Mortgage (P&I) | 1,728.00 | 1,121.65 |
| Bonuses | 0.00 | | 0.00 | Other Financing (P&I) | 0.00 | 0.00 |
| Commissions | 0.00 | | 0.00 | Hazard Insurance | 0.00 | 90.27 |
| Dividends/Interest | 0.00 | | 0.00 | Real Estate Taxes | 0.00 | 309.14 |
| Net Rental Income | 0.00 | | 0.00 | Mortgage Insurance | 0.00 | 0.00 |
| Other (before completing, see the notice in "describe other income," below) | 5,469.00 | 0.00 | 5,469.00 | Homeowner Assn. Dues | 0.00 | 0.00 |
| | | | | Other: | 0.00 | -1,125.00 |
| Total | $ 5,469.00 | | $ 5,469.00 | Total | $ 1,728.00 | 396.06 |

\* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

| B/C | Describe Other Income    Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan. | Monthly Amount |
|---|---|---|
| B | Pension/Retirement Income | $ 3,125.00 |
| B | Social Security/Disability Income | 2,344.00 |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed about that spouse or other person also.     Completed [ ] Jointly [X] Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address, and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities, which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ 0.00 | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
| List checking and savings accounts below | | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | WILSHIRE CREDIT CORP | *1,728.00 | *260,382.00 |
| North Fork Bank | | | 360 | |
| Acct. no. 6699080146 | $ 6,955.00 | Acct. no. 420167 | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| | | ALLEN & ASOC | [456.00] | [456.00] |
| | | | 1 | |
| Acct. no. | $ | Acct. no. 2108148 | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| | | PAUL MICHAEL MARKETING | 0.00 | 58.00 |
| | | | 1 | |
| Acct. no. | $ | Acct. no. 3414103 | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| | | | | |
| Acct. no. | $ | Acct. no. | | |
| Stocks & Bonds (Company name/number & description) | $ | Name and address of Company | $ Payment/Months | $ |
| | | | | |
| | | Acct. no. | | |
| Life insurance net cash value | $ 0.00 | Name and address of Company | $ Payment/Months | $ |
| Face amount: $ 0.00 | | | | |
| Subtotal Liquid Assets | $ 6,955.00 | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 465,000.00 | Acct. no. | | |
| Vested interest in retirement fund | $ 0.00 | Name and address of Company | $ Payment/Months | $ |
| Net worth of business(es) owned (attach financial statement) | $ 0.00 | | | |
| Automobiles owned (make and year) | $ | | | |
| | | Acct. no. | | |
| Other Assets (itemize) | $ | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| | | Job-Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ 0.00 | |
| Total Assets a. | $ 471,955.00 | Net Worth (a minus b) ▶ $ 471,897.00 | Total Liabilities b. | $ 58.00 |

42444190

## VI. ASSETS AND LIABILITIES (cont'd)

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) ▼ | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 23321 LINDEN BLVD CAMBRIA HEIGHTS, NY 11411 | H 2-4 | $ 465000 | $ 260382 | 0 | $ 1728 | $ 0 | $ 0 |
| | | | | | | | |
| Totals | | $ 465000 | $ 260382 | $ 0 | $ 1728 | $ 0 | $ 0 |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ 0.00 |
| b. Alterations, improvements, repairs | 0.00 |
| c. Land (if acquired separately) | 0.00 |
| d. Refinance (incl. debts to be paid off) | 0.00 |
| e. Estimated prepaid items | 4,356.03 |
| f. Estimated closing costs | 2,402.50 |
| g. PMI, MIP, Funding Fee | 0.00 |
| h. Discount (if Borrower will pay) | 0.00 |
| i. Total costs (add items a through h) | 6,758.53 |
| j. Subordinate financing | 0.00 |
| k. Borrower's closing costs paid by Seller | 893.75 |
| l. Other Credits (explain) | 0.00 |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 325,000.00 |
| n. PMI, MIP, Funding Fee financed | 0.00 |
| o. Loan amount (add m & n) | 325,000.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | -319,135.22 |

## VIII. DECLARATIONS

If you answer "Yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| a. Are there any outstanding judgments against you? | | X | | |
| b. Have you been declared bankrupt within the past 7 years? | | X | | |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | X | | |
| d. Are you a party to a lawsuit? | | X | | |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name, and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | X | | |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | | X | | |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | | X | | |
| h. Is any part of the down payment borrowed? | | X | | |
| i. Are you a co-maker or endorser on a note? | | X | | |
| j. Are you a U.S. citizen? | X | | | |
| k. Are you a permanent resident alien? | | X | | |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | X | | | |
| m. Have you had an ownership interest in a property in the last three years? | | X | | |
| (1) What type of property did you own - - principal residence (PR), second home (SH), or investment property (IP)? | PR | | | |
| (2) How did you hold title to the home - - solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | S | | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors, and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

Acknowledgement. Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate business purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, the lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | | CO-BORROWER | |
|---|---|---|---|
| | I do not wish to furnish this information. | | I do not wish to furnish this information. |
| Ethnicity: Hispanic or Latino / X Not Hispanic or Latino | | Ethnicity: Hispanic or Latino / Not Hispanic or Latino | |
| Race: American Indian or Alaska Native / Asian / X Black or African American / Native Hawaiian or Other Pacific Islander / White | | Race: American Indian or Alaska Native / Asian / Black or African American / Native Hawaiian or Other Pacific Islander / White | |
| Sex: X Female / Male | | Sex: Female / Male | |

| To be Completed by Interviewer | Interviewer's Name (print or type) | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: | Craig Falk | FIRST RATE CAPITAL CORP |
| Face-to-face interview | Interviewer's Signature          Date | 225 BROADHOLLOW RD #132W |
| X Mail | | MELVILLE, NY 11747 |
| Telephone | Interviewer's Phone Number (incl. area code) | |
| Internet | (516) 454-9700 | |

VMP®-21N (0507).03   Page 3 of 4

42444190

Freddie Mac Form 65 7/05
Fannie Mae Form 1003 7/05

CONTINUATION SHEET/RESIDENTIAL LOAN APPLICATION

| | Borrower: | Agency Case Number: |
|---|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | MIDOUIN, GEORGETTE | |
| | Co-Borrower: | Lender Case Number:  42444190 |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
|---|---|---|---|
| X | | X | |
| | | | 42444190 |

Freddie Mac Form 65 7/05
Fannie Mae Form 1003 7/05
VMP®-21N (0507).03

Page 4 of 4

**LENDER'S INSTRUCTIONS**
Itemization of Charges

| | |
|---|---|
| DATE: | December 11, 2006 |
| LOAN AMOUNT: | 325,000.00 |
| PURCHASE PRICE: | 0.00 |
| FIRST PAYMENT DATE: | February 1, 2007 |
| MATURITY DATE: | January 1, 2037 |
| COMMITMENT EXP: | 01/22/2007 |

| | |
|---|---|
| LOAN NO: | 9042444190 |
| BORROWER: | GEORGETTE MIDOUIN |
| ESCROW NO: | JK1795 |
| ORDER NO: | JK1795 |

ATTENTION SETTLEMENT AGENT (ESCROW HOLDER): THE REAL ESTATE SETTLEMENT PROCEDURES ACT REQUIRES SETTLEMENT AGENT TO SHOW THE NAME (I.E., PERSON OR FIRM) OF EACH SERVICE PROVIDER THAT ULTIMATELY RECEIVES PAYMENT FOR ANY ITEMS LISTED IN SECTION "L" OF THE HUD-1 (EXCEPT THOSE PAID OR RETAINED BY THE LENDER) INCLUDING BUT NOT LIMITED TO THOSE FEES PAID OUTSIDE OF CLOSING ("POC"). PLEASE REFER TO THE ATTACHED GOOD FAITH ESTIMATE OF SETTLEMENT CHARGES AND THE PROVIDER OF SERVICE SCHEDULE FOR CORRECT/REQUIRED INFORMATION.

| FEE DESCRIPTION | PD BY | AMOUNT CHARGED | PD OUTSIDE CLOSING | NET DUE | PAID TO |
|---|---|---|---|---|---|
| Credit Report | Bu | 12.00 | | 12.00 | Informative Research |
| Wire Transfer | Bu | 50.00 | | 50.00 | |
| Underwriting | Bu | 325.00 | | 325.00 | |
| Document | Bu | 200.00 | | 200.00 | |
| Flood Determination | Bu | 8.00 | | 8.00 | LandAmerica |
| Flood Monitoring | Bu | 4.00 | | 4.00 | LandAmerica |
| Tax Service | Bu | 56.00 | | 56.00 | LandAmerica |
| Appraisal Review | Bu | 65.00 | | 65.00 | WHITFORD, REBECCA |
| Mortgage Tax | BuL | 7,298.75 | 893.75 | 6,405.00 | Other |
| Annual County Property Taxes | Bu | 2,509.72 | 2,509.72 | 0.00 | |
| Broker - Appraisal | Bu | 525.00 | 525.00 | 0.00 | FIRST RATE CAPITAL CORP |
| Broker - Processing | Bu | 750.00 | | 750.00 | FIRST RATE CAPITAL CORP |
| Broker - Credit Report | Bu | 7.50 | | 7.50 | FIRST RATE CAPITAL CORP |
| | | | | | |
| Interest of 17 Days | | | | | |
| @  71.20000 @  7.996% | Bu | 1,210.40 | | 1,210.40 | |
| | | | | | |
| Hazard Insurance Premium | Bu | 1,161.00 | 1,161.00 | 0.00 | |
| | | | | | |
| Hazard Insurance | | | | | |
| 9 Mos @   96.75 Per Month | Bu | 870.75 | | 870.75 | |
| County Property Taxes | | | | | |
| 4 Mos @  209.14 Per Month | Bu | 836.56 | | 836.56 | |
| Aggregate Adjustment | | -209.18 | | -209.18 | |
| | | | | | |
| Settlement or Closing Fee | Bu | 900.00 | | 900.00 | |
| Title Insurance | Bu | 3,870.00 | | 3,870.00 | |
| Recording Fees | Bu | 360.00 | | 360.00 | |

- Title Insurance, Escrow / Closing, Notary and Recording charges not included in proceeds calculation unless paid outside of closing by lender
- Paid by designation:     Bu = Borrower        S = Seller        L = Lender        B = Broker        O = Other
- (e) means an estimate

Downey Savings and Loan Association, F.A. considers the costs shown on the Lender's Instructions to be final.  Settlement Agent must report any discrepancies to Downey Savings and Loan Association, F.A. prior to the signing (or execution) of the loan documents.  No amounts in excess of the amounts shown on the Lender's Instructions are authorized for payment.

- A Broker Rebate of $10,562.50 ( 3.250%) is being paid by Downey Savings and Loan Association, F.A., to a mortgage broker for this transaction - POC.

2D036-3.UFF v2-5-2006

# STATEMENT OF MORTGAGE CLOSING

CLOSING DATE:
MORTGAGOR(S): M.douin
PREMISES: _____, _____ _____

Mortgage Amt.: 325 000                    Rate: _____%
1st Payment: _____                      Principal & Interest: $_____

| TAXES: | | | | mo. @ | | = | |
|---|---|---|---|---|---|---|---|
| TOWN/COUNTY | due | | | mo. @ | | = | |
| CITY | due | | | mo. @ | | = | |
| SCHOOL | due | | | mo. @ | | = | |
| ANNUAL ASSESSMENTS | due | | | mo. @ | | = | |
| VILLAGE | due | | | mo. @ | | = | |
| HAZARD INS. | | | | mo. @ | | = | |
| FLOOD INS. | | | | mo. @ | | = | |
| MIP | | | TOTAL MONTHLY PAYMENT | | | | |
| | | | | TAX ESCROW | | | $0.00 |
| | | | | LESS AGGREGATE ADJ | | | |
| | | | | TOTAL TAX ESCROW | | | $0.00 |
| | | | | | | | |
| PER DIEM INTEREST | | | days @ | | | | |

| CHECK # | PAYEE | AMOUNT |
|---|---|---|
| | Downey | 2708.53 |
| | Downey | 720.00 |
| | FRCC | 757.50 |
| | Junction | 12382.20 |
| | Troy Aman | 525.00 |
| | RPB | 900.00 |
| | Wilshire | 262599.72 |
| | Georgette Midouin | 44402.05 |
| | | |
| | | |
| | | |
| | | |

LENDER MTG. TAX                    ASSIGN FEE $

10562.50

ISSUANCE AND DISTRIBUTION OF THE ABOVE CHECKS ARE HEREBY APPROVED


_____          _____
- Borrower                        - Seller

_____          _____
- Borrower                        - Seller

I authorize the Lender and Rubel, Rosenblum & Bianco, Lender's closing attorney, to make the above disbursements and further authorize them to change
the amount of any disbursement to conform to actual or corrected payoff figures confirmed or received by them without further authorization from me.
I understand and agree that this could result in the amount of any net disbursement to me being larger or smaller than shown above.

| SEPARATE CHECKS RECEIVED | AMOUNT |
|---|---|
| | |
| | |
| | |
| | |

**DOWNEY SAVINGS**
and Loan Association, F.A.

## GOOD FAITH ESTIMATE OF SETTLEMENT CHARGES

| | |
|---|---|
| Date: | December 11, 2006 |
| Loan Number: | 9042444190 |
| Loan Amount: | 325,000.00 |
| Loan Program: | A100 |
| Loan Purpose: | Refinance |
| Loan Type: | Conventional |
| Property Address: | 233-21 LINDEN BOULEVARD, CAMBRIA HEIGHTS, NY 11411 |

Borrower(s): GEORGETTE MIDOUIN

The information below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates - the actual charges may be more or less. Your transaction may not involve a fee for every item listed.

The HUD-1 or HUD-1A Settlement Statement will show you the actual cost for items paid at settlement.

| Description of Charges | Amount Charged | Amount Paid Outside Closing | Net Due |
|---|---|---|---|
| Credit Report | 12.00 | 0.00 | 12.00 |
| Wire Transfer | 50.00 | 0.00 | 50.00 |
| Underwriting | 325.00 | 0.00 | 325.00 |
| Document | 200.00 | 0.00 | 200.00 |
| Flood Determination | 8.00 | 0.00 | 8.00 |
| Flood Monitoring | 4.00 | 0.00 | 4.00 |
| Tax Service | 56.00 | 0.00 | 56.00 |
| Appraisal Review | 65.00 | 0.00 | 65.00 |
| Mortgage Tax | 7,298.75 | 893.75 | 6,405.00 |
| Annual County Property Taxes * | 3,709.72 | 3,709.72 | 0.00 |
| Broker - Appraisal | 525.00 | 525.00 | 0.00 |
| Broker - Processing | 750.00 | 0.00 | 750.00 |
| Broker - Credit Report | 7.50 | 0.00 | 7.50 |
| Interest of 17 Days @  71.20000 @ 7.996% | 1,210.40 | 0.00 | 1,210.40 |
| Hazard Insurance Premium ** | 1,161.00 | 1,161.00 | 0.00 |
| Hazard Insurance  9 Mos @   96.75 Per Month | 870.75 | 0.00 | 870.75 |
| County Property Taxes  4 Mos @  309.14 Per Month | 1,236.56 | 0.00 | 1,236.56 |
| Aggregate Adjustment | -309.18 | 0.00 | -309.18 |
| Settlement or Closing Fee | 900.00 | 0.00 | 900.00 |
| Title Insurance | 3,870.00 | 0.00 | 3,870.00 |
| Recording Fees | 360.00 | 0.00 | 360.00 |

\* Estimated Annual County Property Taxes based on information at application (refinance transactions) or calculated at 1.25% of sales price (purchase transactions).
\*\* This estimated amount is reflective of a one-year prepaid hazard insurance premium. If this is a refinance loan transaction, we require that any existing hazard insurance policy have at least four (4) months remaining term.

- A Broker Rebate of $10,562.50 ( 3.250%) is being paid by Downey Savings and Loan Association, F.A., to a mortgage broker for this transaction - POC.

TOTAL ESTIMATED CHARGES  $ 17,439.78

**(Does not include any adjustments paid through Escrow between the parties to the transaction)**
These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). Additional information can be found in the HUD Special Information booklet entitled, "Settlement Costs and You", which is to be provided to you by your mortgage broker or lender, if your application is to purchase residential real property and the lender will take a first lien on the property.

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2006122600390002001E4832

## RECORDING AND ENDORSEMENT COVER PAGE                          PAGE 1 OF 32

| | |
|---|---|
| **Document ID:** 2006122600390002 | Document Date: 12-11-2006 | Preparation Date: 12-26-2006 |

Document Type: MORTGAGE
Document Page Count: 30

**PRESENTER:**
JUNCTION ABSTRACT INC
AS AGENT FOR COMMONWEALTH LAND
TITLE INSURANCE CO.
2182 FLATBUSH AVE / JK1795/ AV
BROOKLYN, NY 11234
718-434-2000

**RETURN TO:**
DOWNEY SAVINGS AND LOAN ASSOCIATION.
F.A.
P.O. BOX 6060
3501 JAMBOREE ROAD
NEWPORT BEACH, CA 92658-6060

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 11334 | 1 | Entire Lot | 233-21 LINDEN BOULEVARD |

Property Type: DWELLING ONLY - 2 FAMILY

### CROSS REFERENCE DATA

CRFN_____ or Document ID_____ or _____ Year_____ Reel ___ Page _____ or File Number _____

### PARTIES

**MORTGAGER/BORROWER:**
GEORGETTE MIDOUIN
233-21 LINDEN BOULEVARD
CAMBRIA HEIGHTS, NY 11411

**MORTGAGEE/LENDER:**
DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.
3501 JAMBOREE ROAD
NEWPORT BEACH, CA 92660

x  Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 325,000.00 | **Filing Fee:** | |
| | | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 373,750.00 | **NYC Real Property Transfer Tax:** | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 1,868.50 | **NYS Real Estate Transfer Tax:** | |
| City (Additional): | $ | 3,737.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 934.25 | | |
| MTA: | $ | 1,091.10 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 7,630.85 | | |
| Recording Fee: | $ | 187.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed          01-08-2007 11:37
City Register File No.(CRFN):
               2007000011694

*Annette M. Hill*

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2007011101957002001E37D9

## RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 3

| | |
|---|---|
| Document ID: **2007011101957002** | Document Date: 01-10-2007 | Preparation Date: 01-11-2007 |
| Document Type: SATISFACTION OF MORTGAGE | |
| Document Page Count: 1 | |

| PRESENTER: | RETURN TO: |
|---|---|
| WILSHIRE CREDIT CORP | WILSHIRE CREDIT CORP |
| 14523 SW MILLIKAN WAY #200 | 14523 SW MILLIKAN WAY #200 |
| BEAVERTON, OR 97005 | BEAVERTON, OR 97005 |
| 503-223-5600 | |
| colleen.thrall@wcc.ml.com | |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 11334 | 1 | Entire Lot | 233-21 LINDEN BOULEVARD |

**Property Type:** DWELLING ONLY - 1 FAMILY

### CROSS REFERENCE DATA

CRFN: 2005000423147

### PARTIES

| MORTGAGER/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| GEORGETTE MIDOUIN | ARGENT MORTGAGE COMPANY |

x  Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | Filing Fee: | $ | 0.00 |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | | |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | $ | 0.00 |
| Exemption: | | | | | |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | $ | 0.00 |
| City (Additional): | $ | 0.00 | | | |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** |
| NYCTA: | $ | 0.00 | Recorded/Filed    01-22-2007 13:16 |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): |
| TOTAL: | $ | 0.00 | **2007000038850** |
| Recording Fee: | $ | 42.00 | |
| Affidavit Fee: | $ | 0.00 | |

*Annette M Hill*

*City Register Official Signature*



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

**2006122600390001001E4876**

## RECORDING AND ENDORSEMENT COVER PAGE

PAGE 1 OF 5

Document ID: **2006122600390001**  Document Date: 12-11-2006        Preparation Date: 12-26-2006

Document Type: DEED
Document Page Count: 3

| PRESENTER: | RETURN TO: |
|---|---|
| JUNCTION ABSTRACT INC<br>AS AGENT FOR COMMONWEALTH LAND<br>TITLE INSURANCE CO.<br>2182 FLATBUSH AVE / JK1795/ AV<br>BROOKLYN, NY 11234<br>718-434-2000 | GEORGETTE MIDOUIN<br>233-21 LINDEN BLVD<br>CAMBRIA HEIGHTS, NY 11411 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 11334 | 1 | Entire Lot | 233-21 LINDEN BOULEVARD |

Property Type: DWELLING ONLY - 2 FAMILY

### CROSS REFERENCE DATA

CRFN_____ or Document ID_____ or _____ Year_____ Reel ___ Page _____ or File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| GEORGETTE MIDOUIN<br>233-21 LINDEN BOULEVARD<br>CAMBRIA HEIGHTS, NY 11411 | GEORGETTE MIDOUIN<br>233-21 LINDEN BOULEVARD<br>CAMBRIA HEIGHTS, NY 11411 |

x  Additional Parties Listed on Continuation Page

### FEES AND TAXES

| | | | |
|---|---|---|---|
| Mortgage | | Filing Fee: | $ 75.00 |
| Mortgage Amount: | $ 0.00 | NYC Real Property Transfer Tax: | |
| Taxable Mortgage Amount: | $ 0.00 | | $ 0.00 |
| Exemption: | | NYS Real Estate Transfer Tax: | |
| TAXES: County (Basic): | $ 0.00 | | $ 0.00 |
| City (Additional): | $ 0.00 | |
| Spec (Additional): | $ 0.00 | **RECORDED OR FILED IN THE OFFICE** |
| TASF: | $ 0.00 | **OF THE CITY REGISTER OF THE** |
| MTA: | $ 0.00 | **CITY OF NEW YORK** |
| NYCTA: | $ 0.00 | Recorded/Filed      01-08-2007 11:37 |
| Additional MRT: | $ 0.00 | City Register File No.(CRFN): |
| TOTAL: | $ 0.00 | **2007000011693** |
| Recording Fee: | $ 52.00 | |
| Affidavit Fee: | $ 0.00 | *City Register Official Signature* |

# ROBERTA CHAMBERS
## ATTORNEY AT LAW
### www.rnlawyerusa.com

| | |
|---|---|
| Admitted to:   NY & NJ Bars<br>Federal Courts<br>U.S. Supreme Court | Carol L. Reden, R.N., M.S., Esq.<br>Of Counsel |

March 20, 2009                    **Notice of Rescission**

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED # 7004 1350 0000 0087 1086**

Downey Saving and Loan Association F.A.
P. O. Box 6060
3501 Jamboree Road
Newport Beach California 92658-6060

**RE:**    Account No. 9042444190
       Georgette Midouin, 233-21 Linden Boulevard,
       Cambria Height, New York 11411

To Whom It May Concern:

        Please be advised that our firm represents Georgette Midouin regarding the loan transaction which she entered into with Downey Saving and Loan Association F.A. on December 11, 2006. In this transaction Downey Saving and Loan Association F.A. registered a security interest in Georgette Midouin's residence. We have been authorized by our client to rescind this transaction and hereby exercise that right pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1635, Regulation Z § 226.23.[1]  In addition, Georgette Midouin reserves all rights to raise additional or alternative grounds for rescission under state and/or federal law.

---
[1] If the transaction is an open-end one, the appropriate Regulation Z provision is § 226.15, rather than § 226.23.

---
110-21 Francis Lewis Boulevard, Queens Village, NY 11429, Telephone:  (718) 776-1200 Facsimile:  (718) 776-1283
Rnlawyer@aol.com

The Truth in Lending disclosure statement received by our client was defective in a number of ways[2]. As a result, our client's right of rescission has been extended for three years from the date of the transaction. *See* § 15 U.S.C. 1635(f). The material defects include but are not limited to the following:

(a) The line 801 on the HUD1 is empty and this creates two problems: (1) a total lack of compliance with TILA: the full disclosure and (2) the legal assumption that the origination fee is probably inflated and contained in the $10,562.50 YSP[3].

(b) The title insurance online 1108 is overstated. The formula is: the loan amount X 3.64/1000 your amount of $1,593.00 is overstated. We have here a hidden finance charge for more information please visit The New York Title Insurance Rate at this web address: http://www.alphaadv.net/nytitle/nyzone2.html

(c) The mortgage tax is $7,298.75 – $893.75 (POC) =$6,405.00. The problem is that the amount recorded on ACRIS is $7,630.85[4]

(d) The HUD1 line 1201 is of great concern for us due to the fact that the mortgage recording fees are overstated by $ 93.00. Enclosed for your convenience is a print out from ACRIS website that displays recording fees of $187.00 not $ 280.00 as displayed in line 1201.

---

[2] See Truth in Lending Act, at 12 CFR 226.17(c) Basis of disclosures and use of estimates. (1) The disclosures **shall reflect** the terms of **the legal obligation between the parties**. (2)(i) If any information necessary for an accurate disclosure is unknown to the creditor, **the creditor shall make the disclosure based on the best information reasonably available** at the time the disclosure is provided to the consumer, and shall state clearly that the disclosure is an estimate. Line 801 "Loan origination fee" is empty in violation of the above TILA Section.

[3] "By their very nature, yield spread premiums are not compensation given for services actually performed by the broker." *Mentecki  v. Saxon Mortgage, Inc.*, *1997 WL 45088 (E.D. Va.)*

What is a yield spread premium? Yield Spread Premium or YSP are fees paid by the mortgage lender to a mortgage broker in return for the delivery of a loan that **carries a higher interest rate**. When this was explained to our client?

[4] Please for your convenience find enclosed a copy of the ACRIS Recording at the City of New York Registrar office. We have in the best of time a serious problem here if not total fraud by concealment of material fact in blatant violation of the full requirement of TILA.

---

110-21 Francis Lewis Boulevard, Queens Village, NY 11429, Telephone:  (718) 776-1200 Facsimile:  (718) 776-1283
Rnlawyer@aol.com

(e) There is a discrepancy with our client's loan document ($325,000.00) and the taxable amount on the ACRIS web site ($373,750.00). This is a serious problem if not total fraud by concealment of material facts, because the loan amount is understated by $ 48,750.00 on the HUD1 Settlement Statement. Our client received a check for $ 44,407.05 at closing. We still have $ 4,342.95 going around as hidden fees.

(f) Our client states that the mandatory booklet on ARM "Consumer Handbook on Adjustable Rate Mortgages" from the Federal Reserve was not given to her, before, during or after closing.

(g) This transaction is decorated with a $525.00 POC on line 803 and $10, 562.50 YSP on line 1012 (a kickback of 3.250% of the loan amount to charge a higher interest rate to ourz client) and another $893.75 POC on line 1305. We have concrete and tangible signs of a bad loan. The origination fee on the loan is 2% we have here another 1.250% added to this transaction. Do you know how much this is on the life of the loan?

(h) The HUD1 line 1201 is extremely disturbing at the very least. The Recording Deed amount displays $ 195.00 + $ 75.00 filing fee for a total of $ 270.00. The problem is that the ACRIS website displays a $ 52.00 recording fee and $ 75.00 filing fee this is a total of $ 127.00 this is an overcharged of $ 143.00. We are not sure that this is the kind of information you want before a jury.

Our client wants to keep her home. She would like to discuss tender arrangements for the amount due (the amount financed less all loan charges and costs associated with the loan and all payments made to date) with you once you have effected rescission. Please provide us with an itemized loan disbursement statement, the loan charges, the current principal balance, and all payments received from our client, so that we may determine the exact amount needed for tender.

The security interest held by Downey Saving and Loan Association F.A.'s is now void upon mailing of this notice. *See* 15 U.S.C. § 1635; Regulation Z § 226.23. Pursuant to Regulation Z, you have twenty days after receipt of this notice of rescission to return to my clients all monies paid and to take all action necessary or appropriate to reflect termination of the security interest.

We are prepared to discuss a tender obligation, should it arise, and satisfactory ways in which our client may meet this obligation. Please be advised that if you do not cancel the security interest and return all consideration paid by our client within 20 days of receipt of this letter, you will be responsible for actual and statutory damages pursuant to 15 U.S.C. § 1640(a).]

As a consequence of this rescission, Downey Saving and Loan Association F.A. is required to do the following within 20 days of receipt of this letter: (1) desist from making any claims for finance charges in this transaction; (2) return all money paid in the transaction (or credit such sum against the amount financed this is the option that our client prefers); (3) satisfy all security interests, including mortgages, which were acquired in the transaction. Upon Downey Saving and Loan Association F.A.'s performance, Georgette Midouin will tender all sums to which Downey Saving and Loan Association F.A. is entitled.  In addition the loan at issue being a predatory or subprime mortgage my client will highly appreciate to have a fixed rate of 5.25% for the remaining life of the loan.

Regardless of the foregoing demand is hereby made for:

1. A certified copy of the assignment of this mortgage and the name and address of the holder in due course of the original promissory note relating to this loan and the serial number on the original promissory note if this mortgage has been securitized.

2. A certified copy of the disbursement check pertaining to this loan in the amount of  $ 2,708.53 to Downey and a detail description of service rendered for such a fee,

3. A certified copy of the disbursement check $ 720.00 to Downey and a detail description of serviced rendered for such a fee.

4. A certified copy of the disbursement check please in the amount of $ 757.50 to FRCC and a detail description of service rendered for such a fee as well as the meaning of FRCC.

5. A certified copy of the disbursement check of 525.00 to Troy Aman and a detailed description of service rendered for such a fee.

6. A certified copy of the disbursement check of $ 900.00 to RRB and a detail description of serviced rendered for such a fee as well as the meaning of RRB.

---

7. A certified copy of the disbursement check of $ 12,382.20 to Junction and a detailed description of services rendered for such a fee.

8. "Statement of Mortgage Closing" an amount for 10,562.50. The same amount was detected somewhere else under YSP. Please identify this amount and who received it for what services performed.

Any failure on Downey Saving and Loan Association F.A.'s part to take the actions described above in a timely fashion may result in monetary liability under TILA.

Very truly yours,

Roberta Chambers. ESQ.
Attorney for Georgette Midouin

cc: Georgette Midouin (by regular prepaid first class U.S. Mail)
New York State Banking Department (by regular prepaid first class U.S. Mail

110-21 Francis Lewis Boulevard, Queens Village, NY 11429, Telephone:  (718) 776-1200 Facsimile:  (718) 776-1283
Rnlawyer@aol.com

**us bank**
*Five Star Service Guaranteed* ★★

usbank.com

3501 Jamboree Road
Newport Beach, CA 92660
949.854.3100

Richard B. Swinney
Senior Vice President/Counsel
U.S. Bank Home Mortgage
949.509.4073
Fax: 949.625.9151

## VIA U.S. MAIL

April 3, 2009

Roberta Chambers, Esq.
110-21 Francis Lewis Blvd.
Queens Village, NY 11429

Re:    **Loan No. 9042444190**
       **Borrower: Midouin, Georgette**
       **Property: 233-21 Linden Blvd., Cambria Heights, NY 11411**

Dear Ms. Chambers:

On behalf of Downey Savings and Loan Association, F.A., now part of U.S. Bank, I acknowledge receipt of your letter to Downey Savings dated March 20, 2009. The Bank received your letter on March 26, 2009.

The requests and/or demands set forth in your letter are being reviewed and a timely, substantive response will be provided to you.

In the interim, please contact me should you have any questions.

Sincerely,

*Richard B. Swinney /cr*

Richard B. Swinney

\rs




Member FDIC    EQUAL HOUSING LENDER



usbank.com

U.S. Bank Home Mortgage
PO Box 6060
Newport Beach, CA 92658-6060

August 05, 2009

                                    NOTICE OF INTENT TO FORECLOSE

15087 001462   XC149

Georgette Midouin
23321 Linden Blvd
Cambria Heights, NY 11411

Re: Loan Number:  9042444190

Your home loan is overdue for the July 01, 2009 and subsequent
payments and, unless paid promptly, you could lose your home.

To prevent foreclosure, we must receive full payment for the
outstanding total amount due within thirty (30) days of this notice.
As of today, such amount is $ 3,389.41.  If late fees, attorney fees,
or any other payments and/or fees become due before we receive full
payment, we will add these costs to your outstanding total amount due.
Foreclosure action may begin without further notice to you, which could
result in the sale of your home.

You have up to five (5) business days before the actual foreclosure
sale to bring your loan payments up-to-date.  You also have the right to
initiate court action to claim that you haven't defaulted on your loan or
to present any other defense as to why we shouldn't move ahead with
foreclosure.

If you are experiencing financial difficulties and want to explore a
solution with us you need to contact us.  Otherwise, unless we receive
full payment within the next 30 days (call for exact loan amount due),
we will have no option but to begin foreclosure proceedings without any
further notice.

Don't let this happen.  Call us toll-free at 1-800-824-6902
now and let's see if we can work this out.

Sincerely,

Collection Department

P.S.  For a list of nonprofit organizations approved for home-
ownership counseling by the Department of Housing and Urban
Development (HUD), call their toll-free number, 1-800-569-4287.
And you can arrange for U. S. Bank Home Mortgage 's free and confidential
homeownership counseling by calling 1-800-824-6902, ext. 6553.

XC149

We are attempting to collect a debt, any information obtained will
be used for that purpose.

# Mortgage Statement



**U.S. Bank Home Mortgage**
Home Mortgage
3121 Michelson Drive
5th Floor
Irvine, CA 92612

**Contact Information**

24 Hour Automated Service: **1-800-824-6902**
Customer Service Hours:
Monday - Friday, 8:30 a.m. - 4:30 p.m. PT

Hearing Impaired: **1-800-874-5563**
Monday - Friday, 8:00 a.m. - 5:00 p.m. CT

**Correspondence Address:**
U.S. Bank Home Mortgage
P.O. Box 5060
Newport Beach, CA 92658-5060

**Overnight Payment Delivery Only:**
U.S. Bank Home Mortgage
3121 Michelson Drive
5th Floor
Irvine, CA 92612

www.usbankhomemortgage.com



19478-0007406-002-1-000-010-000-000

GEORGETTE MIDOUIN
23321 LINDEN BLVD
CAMBRIA HTS NY 11411-1843

Statement Date    06/17/09

## Payment Summary

| | |
|---|---|
| SCHEDULED DUE DATE | 09/01/09 |
| We may contact you if payment is not received by scheduled due date. | |
| LOAN DUE DATE | 07/01/09 |

**PAYMENT FACTORS**

| | |
|---|---|
| Principal & Interest | $1,296.20 |
| Tax | $244.73 |
| Additional Taxes | $2.64 |
| Insurance | $112.25 |
| **PAYMENT AMOUNT DUE** | **$1,655.82** |
| Past Due Amount(s) | $3,311.64 |
| Unpaid Late Charge(s) | $155.54 |
| **TOTAL AMOUNT DUE** | **$5,123.00** |
| **\*\*IF PAID AFTER 09/16/09, PAY** | **$5,200.77** |

Payment processing cutoff time is 2:30 pm Pacific Time, Monday - Friday. ** Payments received after cutoff time will be applied to your account the next business day. Late charges may be assessed if payments are not received on time as specified in the terms of your mortgage agreement. **Payments due on a weekend or legal holiday will not be assessed a late charge if received by cutoff time the following business day. Cutoff times may vary if choosing alternative payment options.

## Loan Information

| | |
|---|---|
| ACCOUNT NUMBER | 9042444190 |
| PROPERTY ADDRESS: | 233 21 LINDEN BLVD |
| | CAMBRIA HEIGHTS NY 11411 |

| | |
|---|---|
| **INTEREST RATE** | **5.277%** |

**BALANCES**

| | |
|---|---|
| Principal (Not a Payoff Amount) | $335,391.04 |
| Escrow | $275.03 |

**YEAR TO DATE**

| | |
|---|---|
| Interest Paid | $10,921.86 |
| Taxes Paid | $1,494.75 |

*SEE REVERSE SIDE FOR ADDITIONAL IMPORTANT INFORMATION*

## Transaction Activity

| TRANSACTION DESCRIPTION | DUE DATE | TRANSACTION DATE | TOTAL RECEIVED | PRINCIPAL | INTEREST | ESCROW | OPT INS/ PRODUCT | SUBSIDY | SUSPENSE | FEES |
|---|---|---|---|---|---|---|---|---|---|---|
| Late Charge | 07/09 | 06/17/09 | | | | | | | | 77.77- |

### IMPORTANT MESSAGES

#### We've Moved!

Please note our new address effective August 8, 2009

3121 Michelson Drive, 5th Floor
Irvine, CA 92612

This is only a change of office location, your mortgage loan will continue to be serviced by U.S. Bank Home Mortgage.

** Please continue to send your mortgage payment(s) to P.O. Box 25090, Santa Ana, CA 92799-5090. **

#### BEWARE OF FORECLOSURE RESCUE SCAMS

The Office of the Comptroller of the Currency (OCC) has issued a Consumer Advisory to help homeowners avoid scams that claim to help them save their homes, but can cause them to lose their homes and their money. Learn more by visiting the OCC website at www.occ.treas.gov/ftp/advisory/2009-1.pdf. The OCC does advise that the most important thing you can do to prevent scams is to work directly with your mortgage lender first. So, if you have questions about loan modification options or how to avoid foreclosure, please contact one of our Default Counselors toll-free at 800-693-9013 or visit our website at www.usbankhomemortgage.com.

DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT

---

**U.S. bank**
Home Mortgage

GEORGETTE MIDOUIN

U.S. Bank Home Mortgage
P.O. Box 25090
Santa Ana, CA 92799-5090

| LOAN NUMBER | SCHEDULED DUE DATE | PAYMENT AMOUNT | PAST DUE AMOUNT | TOTAL AMOUNT DUE |
|---|---|---|---|---|
| 9042444190 | 09/01/09 | $1,655.82 | $3,311.64 | $5,123.00 |

Payment processing cutoff time is 2:30 pm Pacific Time, Monday - Friday ** Payments received after cutoff time will be applied to your account the next business day. Late charges may be assessed if payments are not received on time as specified in the terms of your mortgage agreement. **Payments due on a weekend or legal holiday will not be assessed a late charge if received by cutoff time the following business day. Cutoff times may vary if choosing alternative payment options.

| *IF RECEIVED AFTER CUTOFF | PAYMENT AMT DUE |
|---|---|
| 09/16 | $5,200.77 |

**OVERNIGHT DELIVERY:**

U.S. Bank Home Mortgage
3121 Michelson Drive
5th Floor
Irvine, CA 92612

☐ Check here if name, address and/or phone number changes have been indicated on reverse side.

| | |
|---|---|
| Additional Principal | $ |
| Additional Escrow | $ |
| Other (Please specify) | $ |
| **Total Amount Enclosed** | $ |

9042444190090109000016558200001733595

# US bank
Five Star Service Guaranteed

**Home Mortgage**

## Mortgage Statement

**OVERNIGHT DELIVERY:**
U.S. Bank Home Mortgage
3501 Jamboree Road
Newport Beach, CA 92660

### Contact Information

**24 Hour Automated Service:** 1-800-824-6902
**Customer Service Hours:**
Monday - Friday, 8:30 a.m. - 4:30 p.m. PT

**Hearing Impaired:** 1-800-874-5563
Monday - Friday, 8:00 a.m. - 5:00 p.m. CT

**Correspondence Address:**
U.S. Bank Home Mortgage
P.O. Box 6060
Newport Beach, CA 92658-6060

**Overnight Payment Delivery Only:**
U.S. Bank Home Mortgage
3501 Jamboree Road
Newport Beach, CA 92660

www.usbankhomemortgage.com

Statement Date 07/16/09

10161-0007113-002-1-001-110-000-000
GEORGETTE MIDOUIN
23321 LINDEN BLVD
CAMBRIA HEIGHTS NY 11411-1843

### Payment Summary

| | |
|---|---|
| SCHEDULED DUE DATE | 07/01/09 |
| We may contact you if payment is not received by scheduled/due date. | |
| LOAN DUE DATE | 07/01/09 |
| PAYMENT FACTORS | |
| Principal & Interest | $1,296.20 |
| Tax | $244.73 |
| Additional Taxes | $2.64 |
| Insurance | $112.25 |
| PAYMENT AMOUNT DUE | $1,655.82 |
| Unpaid Late Charge(s) | $77.77 |
| TOTAL AMOUNT DUE | $1,733.59 |
| **IF PAID AFTER 07/16/09, PAY | $1,811.36 |

Payment processing cutoff time is 2:30 pm Pacific Time, Monday - Friday.** Payments received after cutoff time will be applied to your account the next business day. Late charges may be assessed if payments are not received on time as specified in the terms of your mortgage agreement. **Payments due on a weekend or legal holiday will not be assessed a late charge if received by cutoff time the following business day. Cutoff times may vary if choosing alternative payment options.

### Loan Information

| | |
|---|---|
| ACCOUNT NUMBER | 9042444190 |
| PROPERTY ADDRESS: | 233 21 LINDEN BLVD |
| | CAMBRIA HEIGHTS NY 11411 |
| INTEREST RATE | 5.277% |
| BALANCES | |
| Principal (Not a Payoff Amount) | $335,391.04 |
| Escrow | $275.03 |
| YEAR TO DATE | |
| Interest Paid | $10,921.86 |
| Taxes Paid | $1,494.75 |

SEE REVERSE SIDE FOR ADDITIONAL IMPORTANT INFORMATION

### Transaction Activity

| TRANSACTION DESCRIPTION | DUE DATE | TRANSACTION DATE | TOTAL RECEIVED | PRINCIPAL | INTEREST | ESCROW | OPT INS/ PRODUCT | SUBSIDY | SUSPENSE | FEES |
|---|---|---|---|---|---|---|---|---|---|---|
| Closing Int/Escrow | 07/09 | 07/02/09 | | | | | | | | |
| County Tax Disb | 07/09 | 07/02/09 | 11077.40 | | 10921.86 | 1494.75- | | | | 155.54 |
| Late Charge | 07/09 | 07/16/09 | | | | | | | | 77.77 |

### IMPORTANT MESSAGES

**\* BY SWITCHING TO ELECTRONIC BILLS, STATEMENTS, AND PAYMENTS, THE AVERAGE HOUSEHOLD CAN REDUCE GREENHOUSE GAS EMISSIONS BY 171 POUNDS ANNUALLY.**

THAT MEANS:

* Not driving 169 miles
* Not consuming 8.8 gallons of gasoline
* Planting 2 trees and allowing them to grow for 10 years
* Preserving 24 square feet of forest land

\* To learn more about PayItGreen, visit www.payitgreen.org

**PayItGreen**
Good for the Environment. Good for You.

Visit www.usbankhomemortgage.com today to switch to electronic statements and payments. When completing the E-Bill registration, select the paperless bill option or on the Payment Confirmation screen, select to enroll now to receive your bill in green.

---

DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT

# US bank
Five Star Service Guaranteed

**Home Mortgage**

GEORGETTE MIDOUIN

| LOAN NUMBER | SCHEDULED DUE DATE | PAYMENT AMOUNT | PAST DUE AMOUNT | TOTAL AMOUNT DUE |
|---|---|---|---|---|
| 9042444190 | 07/01/09 | $1,655.82 | $0.00 | $1,733.59 |

Payment processing cutoff time is 2:30 pm Pacific Time, Monday - Friday.** Payments received after cutoff time will be applied to your account the next business day. Late charges may be assessed if payments are not received on time as specified in the terms of your mortgage agreement. **Payments due on a weekend or legal holiday will not be assessed a late charge if received by cutoff time the following business day. Cutoff times may vary if choosing alternative payment options.

| **IF RECEIVED AFTER CUTOFF | PAYMENT AMT DUE |
|---|---|
| 07/16 | $1,811.36 |

U.S. Bank Home Mortgage
P.O. Box 25090
Santa Ana, CA 92799-5090

**OVERNIGHT DELIVERY:**
U.S. Bank Home Mortgage
3501 Jamboree Road
Newport Beach, CA 92660

☐ Check here if name, address and/or phone number changes have been indicated on reverse side.

| | |
|---|---|
| Additional Principal | $ |
| Additional Escrow | $ |
| Other *(Please specify)* | $ |
| Total Amount Enclosed | $ |

9042444190070109000016558200001733599