# ROBERTA CHAMBERS
## ATTORNEY AT LAW

http://www.robertachamberslaw.com
_____

| | | |
|---|---|---|
| Admitted to: | NY & NJ Bars | Carol L. Reden, R.N., M.S., Esq. |
| | Federal Courts | Of Counsel |
| | U.S. Supreme Court | |

January 28, 2010

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED #**
**By email to lmlewis@sheppardmullin.com**

Lisa Lewis, Esq.
Sheppard Mullin Richter & Hampton LLP.
Suite 2400
30 Rockefeller Plaza
New York NY 10112

Re: <u>SETTLEMENT PROPOSAL</u>
Original Loan Number: 9042444190
Midouin, Georgette
Property address: 233-21 Linden Blvd
Cambria Height, New York 11411

Madam[1]:

Pursuant to 15 U.S.C. 1635, my client, Georgette Midouin has exercised her rescission right under the Truth in Lending Act ("Rescission") by and through her "Notice of Rescission" dated March 20, 2009, to Downey Saving and Loan Association F.A. P O Box 6060 Newport Beach California 92658 at 9:11 AM on March 26, 2009 according to the United Stated Postal Service "Track and Confirm". Their failure to comply with the dictate of the law to reply and to comply, creates a $ 2,000.00 liability. The legal basis for such Rescission is detailed in crystal clarity in Ms. Midouin's Notice to the bank on that date.

---

[1] Please provide a copy of this letter to all the parties involved in the securitization of this present loan but not limited to the following: Originator, Sponsor, Master Servicer, Securities Administrator, Depositor, Underwriter, Issuing Entity, Trustee, Custodian, Investors , Paying Agent, Title Company, Loan Seller, Appraiser, Special Servicer. In the alternative, if you refuse, please provide me their addresses, phone numbers and fax numbers in order that my office could contact them directly.

This letter shall serve as Ms. Midouin's offer to settle this matter. In order for the tender offer to become effective, all interested parties, to include but not limited to Downey Saving and Loan Association F.A. and U.S. Bank shall take the following steps:

1. Effectuate a full and complete termination of the security interest in the Midouin's home and property held by said interested parties, (or its agents, assignee or assignor) including cancelling documents creating the security interest and filing release or termination statements in the public records.

2. Take all necessary steps to remove any and all derogatory or negative information from Midouin's credit history reported to national credit reporting agencies relating to the instant transaction under the Fair Credit Reporting Act and under the Truth in Lending Act.

3. Return all money or property that has been given to anyone in connection with the transaction. Such required refund will take the form of an offset, as discussed below.

4. All servicers or agents of the bank to cease and desist from any further direct communication with Ms. Midouin, whether in writing or by telephone, unless authorized by her attorney(s) regarding this loan or the terms or progress of the settlement negotiation. This is to protect our client whose health has been challenged as a result of the issues related to this loan.

In exchange thereof, Ms. Georgette Midouin shall return all money or property that has been delivered by all interested parties indicated above, and/or its assignor, to or on behalf of Ms. Midouin ($ 325,000.00). Such amount shall be offset by all finance or other charges, as well as damage recovery amount detailed as follow:

1. "Total Prepaid Finance Charge" in this transaction, pursuant to 15 USC 1640(a)(2)(A)(i).
    a. Credit Report                              $     12.00
    b. Underwriting to Downey Savings             $   325.00
    c. Processing fee to First Rate               $   750.00
    d. Underwriter to Downey Savings              $     50.00
    e. Life Loan Flood to Downey Savings   $    12.00
    f. Tax to Land America                        $     56.00
    g. Interest from12-05-06 to01-01-07       $1,210.40
    h. … to Junction Abstract                     $   250.00
    i. Recording of Deed, Mortgage, Rel    $ 555.00
    j. RTP                                        $     75.00
    **TOTAL**                                     **$ 3,290.40**

2. All other costs incurred for the actual credit transaction, and outside of the credit transaction as follow:
    a. Closing Fees:                              $   900.00

2

      b.  Hazard insurance for 9 months:    $ 870.75
      c.  Tax impounds for 4 months:      $ 836.56
      d.  Title examination  :               $ 525.00
      e.  Express Mail                     $     0.00
      f.  Title Insurance:                 $ 1,593.00
      g.  Recording Fee:                $ 555.00
      h.  Notary/Document signing:       $ 200.00

3. Payments made on the loan (# of payments). A total amount of 56,967.67
4. Civil Recovery pursuant to 15 USC 1640 (a) (2)(A)(iii)for failure to timely rescind (within 20 days of receipt of Notice) of $ 2,000.00
5. Civil Recovery pursuant to 15 USC 1640 (a) (2)(A)(iii)for failure to provide all material disclosures correctly made in an amount of $ 2,000.00.
6. Civil Recovery under RESPA for the illegal fee $ 10,562.50 YSP, paid outside of closing pursuant to 12 USC 1207 (d) calculated three times the amount paid for this settlement service or $ 31,687.50
7. Civil Recovery under RESPA for the illegal fee $ 525.00 appraisal paid outside of closing calculated three times the amount paid for this settlement service or $ 1,575.00
8. Civil Recovery under RESPA for the illegal fee $ 893.75 appraisal paid outside of closing calculated three times the amount paid for this settlement service or $ 2,681.25
9. Civil Recovery under RESPA for the illegal fee the mortgage recording fee is overstated by $ 93.00 or $ 279
10. Civil Recovery under RESPA the mandatory booklet on ARM "Consumer Handbook on Adjustable Rate Mortgages" from the Federal Reserve was never given to my client this is another $ 2,000.00 penalty.
11. The payment streams shown on the borrower's Truth-in-Lending (TIL) Statement were disclosed incorrectly by the creditor. According to the Adjustable Rate Note dated December 11, 2006, the interest rate used to determine the payment amount is 1.50% until February 1, 2007, the first interest rate change date with maximum cap at 11.95%. Thereafter, payments must be calculated based on the current index plus margin, which is 4.382 (COFI) as of October 31, 2006 plus 3.65 margin. However, disclosed payments were based on 1.50% for the first 12 months, followed by four different rates for the remaining term of the loan see 226.18(g) 226.23(a)(3)

**Rescission Expires on November 11, 2009**

**Effects of Rescission**

Section 226.23(d) states that when a borrower exercises the right of rescission, any security giving rise to the right of rescission becomes void. The security interest is automatically negated regardless of its status and whether or not it was recorded or perfected. The creditor must take any action necessary to reflect the fact that the security interest no longer exists. The borrower cannot be required to pay any amount either to the creditor or to a third party as part of the credit transaction. Any amounts already paid such as broker fees, application and commitment fees, or fees for title search or appraisal must be refunded. Within 20 calendar days after receipt of the notice of rescission, the creditor must take action to terminate the security interest, and return any money in

3

(Note: Claims under RESPA for failure to provide HUD-1 booklet, properly identified OMB Forms, and properly disclosed appraiser and appraisal requirements, are not included in the calculated state statutory penalties to simplify settlement and set-off recoveries)

(Note: other Additional Settlement Charges identified on the HUD-1 Settlement Statement are not included or calculated to simplify settlement and set-off recoveries).

Accordingly, the total aggregate offset amount, as detailed above is $ 50,993.46

Additionally, and pursuant to 15 USC 1640 (a)(3) Georgette Midouin is entitled to a reasonable attorney's fee in an amount of approximately $ 6,490.00 to this point. This includes consultation with Ms. Midouin, letters sent on her behalf, phone conversations, audit of loan documents. Filing fees, preparation of complaint, and offer proposal. Such cost and fee(s) continues to change and increase as negotiations is ongoing.

The Tender Offer, therefore is $227,033.33, based on original loan amount of 325,000.00 and an offset of $ 107,967.67. Additionally, at this point, a total attorney fee of approximately $ 6,490.00 is acceptable, which shall be paid directly to this office and detailed separately if necessary.

Ms. Midouin would also be happy to discuss the possibility of recasting the loan and keeping it with the interested parties and resumption of payment at 2.0% fix for the life of the loan.


Best Regards,



Roberta Chambers
Attorney at Law